BUCKLEY, Appellant, vs. SCHWARTZ, Respondent.

*October 1— October 25, 1892.*

*What is a conviction? Effect of arrest of judgment.*

An order arresting judgment and discharging the prisoner does not set aside a verdict of guilty in a criminal case; and such verdict is, nevertheless, a conviction, within the meaning of a contract to pay a reward for the conviction of the person guilty of the offense in question.

APPEAL from the Circuit Court for *Waukesha* County.

The action was upon contract. Plaintiff alleges that defendant employed him to investigate the cause of a number of supposed incendiary fires which had occurred in the town of New Berlin, Waukesha county, and agreed that, if he would cause the arrest of the person who set the fires, or any of them, and convict him before a jury in the circuit court, he (defendant) would individually pay him $500 for his services; that he (plaintiff) performed his part of the contract, caused the arrest of one Phillips, who was, upon a trial in the circuit court of Waukesha county, convicted of having set three of said New Berlin fires.

The defendant admitted that plaintiff caused the arrest of Phillips, but denied that he had made any contract to pay plaintiff anything individually for his services, and alleged that the circuit court arrested judgment upon the verdict of conviction against Phillips, and discharged him on the ground that it was error to put him on trial for three distinct offenses under one information, whereby de-

Buckley vs. Schwartz.

fendant claimed that no legal conviction had in fact been had.

Upon the trial, evidence was introduced by plaintiff tending to prove the alleged contract, and by defendant tending to disprove the same. It appeared also by the record in the criminal prosecution against Phillips that he was charged in one information with having set three separate fires, and a verdict of guilty rendered as to all of the offenses so charged, and that the court arrested judgment and discharged the prisoner because it was error to try him for three distinct felonies under one information. The cause was submitted to the jury, and a verdict for plaintiff rendered. Upon motion, the verdict was set aside and a new trial granted for the sole reason " that the judge should have directed a verdict for defendant upon the law of the case duly applied to the evidence." From this order plaintiff appeals.

For the appellant there were briefs by *Ryan & Merton*, and oral argument by *T. E. Ryan*. As to the meaning of the word conviction, they cited Anderson, Law Dict.; *Ex parte Brown*, 68 Cal. 176, 6 Am. Cr. Rep. 55.

*D. H. Sumner*, for the respondent, contended, *inter alia*, that the subsequent nullification of the verdict by the court deprived it of its office and authority, and that there was no conviction. There can be no recovery in this action except there be a legal conviction which has been or could be followed by the sentence and judgment of the court and evidenced by the legal record thereof. A conviction, upon a plea of *autrefois convict*, is held to have been had when the verdict of guilty has been returned by a jury; provided, however, that such conviction is a legal one. The word conviction as there used is said to be used in its primary sense. Cooley, Const. Lim. 326; *State v. Parish*, 43 Wis. 395; *People v. Casborus*, 13 Johns. 351; Heard, Cr. Pl. 280, 281, 288, 293, 294, 319; *U. S. v. Watkinds*, 6 Fed. Rep.

152; *Gerard v. People*, 4 Ill. 363; *Bedee v. People*, 73 id. 320. A conviction, upon a plea of disability or forfeiture, has not been had until the verdict of the jury or finding of the court has ripened into the sentence or judgment. This is the secondary sense of the word. *Faunce v. People*, 51 Ill. 311; *Blaufus v. People*, 69 N. Y. 107; *Pitts v. Pitts*, 52 id. 593; *Schiffer v. Pruden*, 64 id. 47. To support a recovery in this case the conviction must come under the latter definition. *Williams v. U. S.* 12 Ct. of Cl. 192. See, also, *Jones v. Phœnix Bank*, 8 N. Y. 233.

.WINSLOW, J. The plaintiff produced evidence tending to prove the contract which he alleged. The defendant introduced evidence to the contrary, but there was sufficient evidence to warrant the submission of the question to the jury.

The only remaining question is whether the evidence showed a conviction of Phillips. The defendant contends that, because judgment was arrested upon the verdict, the verdict was thereby set aside, and that, in legal contemplation, there was no conviction. This exact question was decided in *State v. Parish*, 43 Wis. 395. It was there held that an order arresting judgment does not set aside the verdict in a criminal case. The verdict remains, and is available to the accused in a second prosecution for the same offense, under the plea of *autrefois convict*. The question is not an open one in this court.

There are no other questions presented which require discussion. The order granting a new trial was not made under the discretionary power of the court, but for the single reason that the court should have directed a verdict for the defendant under the law of the case. In this the circuit judge was mistaken. The law did not so require.

*By the Court.*— The order of the circuit court is reversed, and the action remanded for further proceedings according to law.