CASE 28—ACTION FOR MANDAMUS—MARCH 18.

# Stone, Auditor v. Wickliffe.

APPEAL FROM FRANKLIN CIRCUIT COURT.

1. REWARDS—SUFFICIENCY OF PETITION.—A petition for a mandamus against the Auditor to require him to issue his warrant for a reward offered by the Governor for the arrest and conviction of a felon, which alleges that the plaintiff ascertained that the defendant was guilty, swore out a warrant for his arrest, delivered it to the sheriff and assisted in arresting the defendant and delivering him to the jailer, can not be held insufficient merely because the jailer's receipt filed with the petition recites that the defendant was delivered to him by the sheriff "and W. A. Wickliffe was with him at the time." Such a recital is not a contradiction of the averment.

2. SAME—CONVICTION.—A conviction under section 1932, Kentucky Statutes, providing for rewards for the arrest and conviction of felons means a final conviction and can not be held to have been had while an appeal is pending to reverse the judgment of conviction.

W. S. TAYLOR, ATTORNEY-GENERAL AND M. H. THATCHER IN A BRIEF AND SUPPLEMENTAL BRIEF FOR THE APPELLANT.

1. The record shows that the arrest of Franklin was made by the sheriff of Marshall county and not by the appellee.

2. The receipt of the jailer for the prisoner is not certified by the circuit court as required by the Statute to authorize its payment.

3. A conviction under section 1932, Kentucky Statutes, means a final

Stone, Auditor, v. Wickliffe.

conviction and can not be said to have been had as long as the appeal is pending from a judgment of conviction.

·4. The proceeding was in legal effect one against the Commonwealth and no judgment for costs could be rendered against Stone, Auditor.

Citations: Smitha v. Gentry, 20 Ky. Law Rep., 171; Ky. Stats., secs. 344, 885.

IRA JULIAN FOR THE APPELLEE.

1. When a reward is offered by the Governor for apprehension and conviction of a criminal the proper procedure of a citizen (in attempting to procure said arrest and conviction) is to cause a warrant ot be sworn out, put it in the hands of the sheriff or peace officer and assist in arresting and delivering the criminal to the jailer, and the sheriff's action does not prevent recovery of the reward by the citizen.

2. If the approval and certification of the jailer's receipt for prisoner, when a reward for his apprehension and conviction has been offered, were necessary to authorize payment of the reward (which we deny), still the petition herein states a good cause of action for mandamus against the Auditor in this case. Ky. Stats., sec. 344; Civil Code, sec. 134; Posey v. Green, 78 Ky., 162; Green v. Page, 80 Ky., 370; Coffey v. Com., 18 Ky. Law Rep., 646. But we insist that section 344 Kentucky Statutes does not apply to proof of a claim for reward for the apprehension and conviction of a criminal; and the proper and sufficient proof of this character of reward is a verified account, allowed, recorded and certified to the Auditor for payment by the circuit court.

3. When a reward has been offered for apprehension and conviction and a citizen has procured the arrest and verdict of guilty and judgment thereon, the prosecution of an appeal to the Court of Appeals from the judgment of conviction, or reversal of said judgment, does not preclude the citizen procuring the arrest and conviction from collecting his reward. Blackstone's Com., vol. 4, p. 362; Com. v. Gorham, 99 Mass., 420; Com. v. Lockwood (Va.), 25 Gratt., 850; State v. Alexander, 79 N. C., 231; U. S. v. Watkins (Ore.), 6 Fed. Rep., 152; York, &c., v. Dalhouson, 45 Penn. St., 372; Ex parte Brown, 68 Cal., 178; Bishop's Stat. Crimes, sec. 348; Jacob's Law Dict., 163; People v. Goldstein, 32 Cal., 433; 1 Bishop's Crim. Law, sec. 963; 2 Bishop's Crim. Law, sec. 903.

4. Judgment for costs should be rendered against the Auditor personally when he wrongfully refuses to do a plain duty and is ordered to do so by a writ of mandamus. *In re* Ayres, 123 U. S., 443; Gates v. Barrett, 79 Ky., 295; Ky. Stats., secs. 885-889.

JUDGE DuRELLE DELIVERED·THE OPINION OF THE COURT.

A reward of $400 having been offered by the Governor of Kentucky for the apprehension of .the unknown person or persons guilty of the murder of Daisy Sullivan, in Marshall county, "and their delivery to the jailer of Marshall county, and conviction of said crime," appellee, Wickliffe, obtained a warrant of arrest for one Noah Franklin, delivered it to the sheriff, accompanied him, and assisted him in arresting Franklin, and in person accompanied the sheriff in charge of the prisoner to the jail of Marshall county, where he was delivered to the jailer, the jailer's receipt reciting that the body of Franklin was delivered to him by the sheriff, in company with appellee. Afterwards appellee caused witnesses for the Commonwealth to be summoned before the grand jury. An indictment was returned against Franklin, and a trial had, at which appellee co-operated with the Commonwealth's attorney in the prosecution of the charge, and which resulted in a verdict of guilty, fixing the punishment at imprisonment for life; and a judgment was thereupon rendered sentencing the prisoner. The account against the Commonwealth for the amount of the reward was approved and allowed by the circuit court, and ordered to be certified to the Auditor for payment; but, that officer refusing payment, appellee instituted this proceeding for a mandamus, to compel the issuance of a warrant on the Treasurer.

A demurrer to the petition was properly overruled, the objection urged on behalf of the Auditor that the petition shows the arrest to have been made by the sheriff being, as

we think, not well taken; for, if the averments of the petition are true that appellee ascertained that Franklin was the murderer of Daisy Sullivan, swore out the warrant, delivered it to the sheriff, ascertained Franklin's whereabouts, and assisted in his arrest and delivery to the jailer, he was entitled to the reward, provided the remaining prerequisite to the earning of the reward, viz., the conviction of the prisoner, within the meaning of the proclamation, had taken place. To entitle himself to the reward, so far as the arrest was concerned, it was not essential that appellee should personally and alone make the arrest; but he was entitled to the assistance of the arresting officers of the county, and to have a *posse comitatus* summoned, if necessary to the capture of the culprit. The essential fact in this behalf is the causing of the arrest.

It is not necessary to consider the second objection urged in appellant's brief, as that appears to have been abandoned.

Another objection made is that the receipt of the jailer filed as an exhibit recited that "the custody of him (Franklin) was delivered to me as jailer of Marshall county, charged with the murder of Daisy Sullivan, by the sheriff of Marshall county, J. H. Little, and W. A. Wickliffe was with him at the time" that this exhibit contradicted the averment of the petition that appellee delivered Franklin to the jailer, and that the exhibit controls the averment of the petition, and destroys its effect, so that it must be read as if the averment was not there. Without going into the question whether the doctrine announced in Green v. Page, 80 Ky. 370, was intended to apply to a case where there was direct contradiction between the exhibit and the allegation of the pleading, it is sufficient to say that the question which was there actually decided is exactly par-

allel to the question presented in the case at bar; i. e., that where the exhibit did not show all the facts necessary to support the averment of the pleading, but, on the other hand, did not directly contradict those averments, the pleading was not thereby rendered demurrable.

An answer was filed, alleging that, within the period allowed by law, Franklin had appealed from the judgment against him and that appeal was then pending in this court, and that appellee was not entitled to the reward, and the circuit court had no jurisdiction to allow it, until the case was finally determined. To this answer a demurrer was sustained, and the Auditor has brought the case here for review.

The reward appears to have been offered under section 1932, Ky. St. The Governor inserted in his proclamation a provision for the conviction of the guilty person or persons—a matter not provided for in the statute. But as appellee assumed to act under this proclamation, and is here claiming the reward in virtue of it, he can not complain of its insertion. Moreover, in a case like this, where the reward offered was for the apprehension of an *unknown* guilty person, it would seem essential that the guilt should be shown by a judgment of conviction before the reward could be considered earned.

A large number of authorities and definitions from the text-books are cited as showing that a verdict of guilty by a jury is, in many States, held to be a conviction, and a verdict of guilty followed by a sentence is everywhere so considered. In none of these cases, however, with three exceptions, does the question of a reward for conviction arise. Some of the text-writers cited, in defining conviction, were speaking of a time when there was no appeal in criminal cases. In some cases the question was whether a

defendant was convicted, after verdict and before sentence, in meaning of a constitutional provision forbidding a pardon before conviction. Some presented the question whether an elector was deprived of his franchise by a jury finding him guilty of a felony, and other like questions.

In Wilmoth v. Hensel, 151 Pa. St., 200, [25 Atl., 86], a reward had been offered for the prosecution and conviction of persons guilty of bribery and corruption at elections. The claimant of the reward had instituted a prosecution, and a plea of guilty had been entered. The court suspended sentence, and claimant was held to be entitled to the reward. This was proper. The claimant had performed all the service required of him, and further proceedings had been prevented by the action of the court, over which he had no control. The case had reached a conclusion "within the meaning of the defendant's offer." So, in Buckley v. Schwartz, 83 Wis. 304, [53 N. W. 511], the question was presented of a personal contract for the arrest and conviction, *in the circuit court,* of a person guilty of setting fire to certain buildings. A verdict of guilty was obtained; and, though the court arrested judgment, the claimant was held to be entitled under his contract for securing a conviction *in the circuit court,* as, under a somewhat peculiar ruling of the Wisconsin courts, an arrest of judgment does not operate to set aside the verdict. "The verdict remains and is available to the accused in a second prosecution for the same offense, under the plea of *autrefois convict.* The question is not an open one in this court."

In Louisville & Nashville Railroad Co. v. Goodnight, 10 Bush, 553, (19 Am. R., 80) a band of armed men having thrown a train from the company's track, and robbed the passengers, the company offered a reward
. [17]

of $1,000 for the capture and conviction of each of
the parties to the offense, and $10,000 for the capture and
conviction of all the offenders. The appellees in that case
captured and delivered to the authorities two men who, it
was conceded, were engaged in the train robbery, who were
indicted, and each in open court repeatedly confessed his
guilt. Through the efforts of the company's attorneys,
with a view to using the two men as witnesses against the
others implicated in the train robbery, the cases against
them were dismissed; and it was held that the captors
were entitled to the reward, for, "if the happening of the
event upon which their right to the reward depended was
hindered or prevented by the act of the company, such hin-
drance was, in law, equivalent to the completion of the con-
dition precedent, and the railroad company is liable on its
contracts to pay the reward, although it may have acted
in the matter with the utmost good faith."

It is manifest that none of these cases reaches the ques-
tion presented by the case at bar. The proclamation of
the Governor, accepted and acted upon by appellee, con-
stitutes the contract under which relief is here sought. In
order to ascertain the meaning of this contract, the object
of the proclamation should be first considered. That ob-
ject was the punishment of the murderer—not merely that
a trial should be had for the offense which had been com-
mitted, but that he should be actually punished. Now, if
we construe this contract to refer only to the obtention of
a verdict of guilty, subject to be set aside as the result of
appeal to this court, the object of the contract may be en-
tirely frustrated, for, upon a new trial being granted, ap-
pellee would be under no obligation, and would have no mo-
tive, to co-operate with the Commonwealth's attorney, to
aid in securing witnesses for the prosecution, or in obtain-

ing evidence of the prisoner's guilt. And this very case presents an apt illustration of this, for, while it does not appear in this record, counsel for each side has stated in argument that this case has already been reversed by this court, and remanded for new trial. Assuming this to appear, Franklin is, under section 270 of the Criminal Code (Com. v. Arnold, 83 Ky. 1), "in the same position as if no trial had been had." The judgment of conviction is suspended by the appeal. Cr. Code, sec. 336. The object of the proclamation—that is, the punishment of the guilty person—is plain to any one who considers its language. It is equally plain that that object is not attained where, as in this case, an appeal has, within the period allowed by law, been taken to this court, and the conviction relied upon is liable to become a nullity. We think appellee was bound by what appears to us to be the plain intent and meaning of the proclamation, viz., that the reward was not to be paid until a final conviction. We do not mean that, if the Commonwealth took steps which would prevent appellee from completing his title to the reward—as by pardon, which directly implies an admission of guilt, or by *nolle prosequi*, after admission of guilty—appellee would not be entitled to the reward; but that, so long as the question whether he shall be or remain convicted is still in litigation, appellee is not so entitled.

In this view of the case, the question of costs as against the Auditor is not necessary to be considered.

Wherefore the judgment is reversed, and cause remanded, with directions to award appellant a new trial, and for further proceedings consistent with this opinion.

The whole court sitting.