[No. 19195.   Department One.   June 8, 1925.]

RAYMOND C. CARYL, *Appellant*, v. THE STATE OF WASH-
INGTON, *Respondent*, GEORGE WILKINSON,
*Intervener*.[1]

REWARDS (1)—CONDITIONS—VALIDITY.  Under Rem. Comp. Stat.,
§ 10982, subdiv. 8, providing that the governor may offer rewards
for the apprehension of any person who has committed or is charged
with the commission of a felony, he has authority to impose as a
condition of the reward that the person apprehended be convicted
of the crime charged.

SAME (1)—PERFORMANCE OF CONDITIONS—SECURING CONVICTION.
The conviction of one charged with the commission of a felony,
having been made a condition of a reward offered by the governor
for his apprehension, is not excused by the failure of the proper
officers to make the charge against the accused upon which he could
have been convicted; nor by the fact that after his apprehension
he committed suicide before conviction.

Appeal from a judgment of the superior court for
Thurston county, Wright, J., entered October 31, 1924,
dismissing an action to recover a reward, after a trial
on the merits to the court.  Affirmed.

*E. B. Quackenbush* and *Fred M. Williams*, for appel-
lant.

*The Attorney General* and *R. G. Sharpe, Assistant*,
for respondent.

[1]Reported in 236 Pac. 792.

ASKREN, J.—On October 11, 1920, the Governor of the state of Washington issued a proclamation as follows:

"Proclamation By the Governor

"Whereas, on or about September 28, 1920, in the home of Harry Gregg, in Othello, Adams County, Washington, Harry Gregg was murdered by an unknown assailant; and

"Whereas, said unknown assailant is still at large,

"Now therefore, I, Louis F. Hart, Acting Governor of the State of Washington, by virtue of the authority in me vested by law, do hereby offer a reward of One Thousand Dollars ($1000) for the apprehension, arrest and conviction of the said murderer of Harry Gregg.

"In Witness Whereof, I have hereunto set my hand and caused the Seal of the State of Washington to be affixed this 11th day of October, 1920.

"Louis F. Hart,

"(State Seal)     Acting Governor of Washington."

Approximately two years later, on or about September 20, 1922, the plaintiff Caryl, while a conductor on a Great Northern Railway train passing through Eastern Washington, discovered one Paul Staren, whom he believed to be the murderer of one August Bongiorni, who had been killed just prior thereto in that vicinity. Intervener Wilkinson was a brakeman on the same train. Staren was delivered to the authorities and was tried in Grant county on October 2, 1922, upon the charge of having murdered Bongiorni. Staren plead guilty at the trial and after conviction was sentenced to be hanged. He was taken to the penitentiary at Walla Walla, but prior to execution committed suicide. Caryl brought suit for the reward, and Wilkinson intervened. At the conclusion of the trial, the court denied recovery to both, and Caryl has appealed.

The court made very complete findings of fact which established three different grounds upon which the

judgment of the court may be rested: (1) That neither the appellant nor the intervener had the offer of the reward in mind at the time Staren was apprehended, and that his arrest was caused in the belief that he was guilty of the murder of Bongiorni; (2) that Staren never was convicted of the murder of Harry Gregg as required in the proclamation, and that, while the preponderance of the evidence introduced at the trial established that Staren inflicted the wounds from which Gregg died, it was not established with moral certainty and beyond a reasonable doubt; and (3) that no claim for reward had been filed with the state auditor.

Inasmuch as a judgment based upon any one of these findings, if sustained, would be decisive of appellant's rights, we shall discuss only the second which we deem to be the important question: Was Paul Staren *arrested* and *convicted* of the crime of murdering Bongiorni?

It will be seen from the proclamation that the reward was offered for the ''apprehension, arrest and conviction of the said murderer of Harry Gregg.'' The authority under which the governor issued the proclamation is subd. 8, § 10982, Rem. Comp. Stat. [P. C. § 6649], which is as follows:

''He [the governor] may offer rewards, not exceeding one thousand dollars in each case, payable out of the state treasury, for the apprehension of any person convicted of a felony who has escaped from the state prison, or of any person who has committed or is charged with the commission of a felony.''

Appellant contends that, since the statute permits a reward to be offered for ''the apprehension of any person who has committed or is charged with the commission of a felony,'' the governor was without authority to impose a greater condition than that contained in the statute. In other words, that the governor had no

power to make any condition for the payment of the reward other than that found in the statute itself. This contention is unsound. While the governor might not have authority to offer a reward in a greater amount than that provided by statute, or to be payable upon the performance of less than the conditions provided in the statute, there is no reason for holding that the governor might not, in his wisdom, impose conditions upon the reward offered. A case of like character was presented in *Stone v. Wickliffe*, 106 Ky. 252, 50 S. W. 44, where this contention was disposed of as follows:

"The governor inserted in his proclamation a provision for the conviction of the guilty person or persons,—a matter not provided for in the statute but as appellee assumed to act under this proclamation, and is here claiming the reward in virtue of it, he cannot complain of its insertion. Moreover, in a case like this, where the reward offered was for the apprehension of an unknown guilty person, it would seem essential that the guilt should be shown by a judgment of conviction before the reward could be considered earned."

Appellant next contends that, even if the governor had the right to impose the condition of conviction, then the performance thereof has been excused because of the fact that the proper officers failed to bring any charge against Staren which resulted in a conviction, contending that it is not within the power of the appellant to convict a person of crime, and that the offer has been substantially complied with when he has done everything within his power. There are numerous cases holding that the provision requiring conviction in an offer of reward does not require the informant to literally convict the person charged, because that is the duty of the prosecutor, court and jury, each performing their appropriate function; but it cannot avail the appellant here that Staren was not brought to trial.

It must be remembered that Staren at all times denied that he was guilty of the murder of Harry Gregg, although admitting his guilt as to the murder of Bongiorni. What reason actuated the officers in not charging him with the murder of Gregg is not for us here now to determine. It may have been because he was already convicted of the murder of Bongiorni, or it may have been that the prosecutor did not consider the evidence sufficient. Whatever the reason, the fact stands admitted in the record that Staren was never convicted of the murder of Harry Gregg, and that his guilt has not yet been established in any criminal trial. Nor can the suicide of Staren operate as a reason for failure to prove a conviction as required by the proclamation.

In the case of *Fortier v. Wilson*, 11 U. C. C. P. 495, a similar situation was presented. A reward of eight hundred dollars was offered to any person who would give information leading to the conviction of the murderer of one Peterson and wife. The plaintiff in that action alleged that he gave such information to the defendants as to lead to the conviction of one Smart, but that when Smart was arrested to answer the charge he committed suicide. It was there said:

"It appears to me this is a claim founded on a contract by the defendants upon obtaining a certain consideration, to pay a certain sum; that the conviction of the offender was an essential part of this consideration, and that it is no answer to say, that the conviction has become impossible by reason of a felonious act of the accused."

It has also been held that, until a conviction appealed from has been affirmed, the reward is not payable, upon the ground that, until affirmance, there has been no legal final conviction. *Stone v. Wickliffe, supra; Scott*

*v. American Express Co.,* 233 S. W. (Mo. App.) 492; *State ex rel. Scott v. Cox,* 243 S. W. (Mo.) 144.

34 Cyc. 1746, states the rule as follows:

"The rule is well settled that when the reward is offered for the arrest and conviction of an offender the terms are construed copulatively and the claimant must show that he caused both the arrest and the subsequent conviction, unless conviction be prevented by the officer, or by lawful authority."

Appellant relies upon *Smith v. State,* 38 Nev. 477, 151 Pac. 512, where a reward was offered for the arrest and conviction of certain persons guilty of the murder of one Harry Cambron and associates. In that case, the murderers were killed while being captured. The case was presented to the trial court upon a statement of facts in which it was admitted that the persons killed while being arrested were the murderers of Cambron, and the court held that there was no necessity for a legal conviction, one of the purposes of conviction being to establish the guilt of the accused.

In this case it will be seen that the murderer of Harry Gregg was unknown and it is denied by respondent that Paul Staren was the murderer. *Smith v. Vernon County,* 188 Mo. 501, 87 S. W. 949, is relied upon by appellant as authority for his contention that the governor's act in inserting the words "and conviction" in the offer of reward was without authority. In that case, the statute authorized the county court to offer rewards for the apprehension and arrest of persons committing felonies, but provided that no reward should be paid to any person entitled thereto until the final conviction of the accused. There was a conviction of the accused. It was held that, in view of the language of the statute, it was not necessary for the claimant to show that he actually participated in the conviction, but that the offer would be considered to require

that the person apprehended be convicted before the reward would be paid, and since the defendant had been convicted the reward had been earned. In this connection we have not overlooked the finding of the trial court that, while the preponderance of the evidence showed that Staren was guilty of the murder of Harry Gregg, it was not shown beyond a reasonable doubt. A careful reading of the record discloses nothing to preponderate against this finding, and under our oft-repeated decisions, findings of the trial court cannot be set aside unless we can say that the evidence preponderates against them. The necessity for a conviction in a case of this character where the murderer was unknown is the more clearly established by the above finding of the trial court. If the court, trained in weighing the evidence, and skilled in separating the false from the true, refused to hold that the evidence established the guilt of Staren beyond a reasonable doubt, it cannot logically be said that a jury would have convicted him upon a jury trial.

The judgment is right and it is therefore affirmed.

TOLMAN, C. J., PARKER, BRIDGES, and MAIN, JJ., concur.