## Alexander's Administrator v. Kentucky Bankers Association.

(Decided February 3, 1931.)

W. A. STANFILL and J. W. CRAFT for appellant.

F. J. EVERSOLE, JESSE MORGAN, TRABUE, DOOLAN and HELM & HELM for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

The Kentucky Bankers Association posted at the Perry Bank & Trust Company in Hazard this offer to pay a reward:

"$1,000 REWARD

"A reward of $1,000.00 will be paid by the Kentucky Bankers Association for the arrest and conviction of each person robbing, or attempting to rob this Bank.

"If a robber should be killed while robbing this Bank, or killed while attempting to escape after having robbed this Bank, the reward will be paid the same as if he had been convicted in Court."

William Alexander instituted an action against the Kentucky Bankers Association to recover $4,000, alleging that he had caused the arrest of four persons whom he caught attempting to rob the Perry Bank & Trust Company. He further alleged that the four persons were infants under the age of 15 years and, by reason of their immature age, exclusive jurisdiction of their persons was committed to the Perry county court, and that they had been convicted and committed to the House of Reform at Greendale.

The defendant denied the allegations of the petition. At the conclusion of the evidence offered by the plaintiff, the court directed a verdict for the defendant. The appeal is prosecuted by the personal representative of Alexander, who had died pending the action.

It appears that the four boys were incorrigible and had committed numerous offenses. They were seen by Alexander in an attempt to rob the bank, and he caused them to be arrested. In committing them to the School of Reform, the county judge held that they were subject to discipline and guilty of several offenses "including breaking into the Perry Bank & Trust Company and attempting to steal therefrom."

The oldest boy was 15 years of age, one was 11, and each of the others was but 10 years of age.

By virtue of Kentucky Statutes, sections 331e-1 to 331e-23, both inclusive, the county court has primary jurisdiction of juvenile offenders, and the circuit court has no power over persons coming within the purview of those sections, unless the county court transfers the case to that court, section 331e-5. Newsome v. Commonwealth, 227 Ky. 710, 13 S. W. (2d) 1046; L. & N. R. R. Co. v. Offutt, 204 Ky. 51, 263 S. W. 665; Waters v. Commonwealth, 171 Ky. 457, 188 S. W. 490; Talbott v. Commonwealth, 166 Ky. 659, 179 S. W. 621; Commonwealth v. Franks, 164 Ky. 239, 175 S. W. 349.

We may assume, without deciding, that the plaintiff proved his case sufficiently to go to the jury, if the action of the county court respecting these four incorrigible boys constituted a conviction within the contemplation of the terms of the contract upon which the action is based.

The question is, then, whether such a commitment is a conviction within the intent and meaning of the offer to pay a reward. It will be observed that the offer was to pay the reward for the "arrest and and conviction of each person robbing, or attempting to rob the bank." It is presumed that the parties employed the word "conviction" according to its legal import and effect. 34 Cyc. 1741; 13 C. J. p. 705. The term was defined by this court in the case of Dial v. Commonwealth, 142 Ky. 32, 133 S. W. 976, where it was said that the word was one of dual meaning. Its significance, first, relates to the determination of the fact of guilt, as by the verdict of a jury, or by confession in open court; and, in the other sense, concerns the state of infamy resulting from the final judgment of condemnation for crime. Undoubtedly the offer of a reward contemplated the judicial ascertainment of the guilt of the accused of the offense of robbery, or attempt at robbery of the bank. It plainly had no reference to the commitment of infants under the Juvenile Act for delinquency, even though the waywardness included the commission of felonies.

No jurisdiction is vested in county courts to determine the guilt of one accused of robbery or attempt at robbery. Such offenses constitute felonies, and can be prosecuted only by indictment, with a trial by jury, and by a court authorized to inflict punishment involving infamy. Constitution, secs. 7, 12; King v. City of Pineville, 222 Ky. 73, 299 S. W. 1082. The courts are inclined to favor a liberal construction of the words of an offer to pay a reward and to enforce it in favor of persons who have met the conditions of the contract substantially in accordance with its terms. Haskell v. Davidson, 91 Me. 488, 40 A. 330, 42 L. R. A. 155, 64 Am. St. Rep. 254; Kinn v. First Nat. Bank, 118 Wis. 537, 95 N. W. 969, 99 Am. St. Rep. 1012.

A conviction requires the interposition of the court having jurisdiction of the offense, and to say that any person in order to earn a reward must literally convict the accused would be absurd. If a person, because of the reward offered, is induced to take action which results in an arrest and leads to a conviction corresponding to the terms of the offer, such person is entitled to the reward. Elkins v. Board of County Commissioners, 86 Kan. 305, 120 P. 542, 46 L. R. A. (N. S.) 662.

In Perrit v. Crouch, 5 Bush, 204, Judge Robertson remarked that a " 'conviction' implies a judicial sentence of condemnation for a public delictum."

In Buckley v. Schwartz, 83 Wis. 304, 53 N. W. 511, it was held that an order arresting judgment and discharging a prisoner after conviction did not affect the right to recover a reward conditioned upon conviction. That ruling was approved by this court in the case of Stone v. Wickliffe, 106 Ky. 252, 50 S. W. 44, 20 Ky. Law Rep. 1806. In Louisville & Nashville R. R. Co. v. Goodnight, 10 Bush, 553, 19 Am. Rep. 80, the attorneys for the railroad company that had offered the reward caused the prosecution to be dismissed. It was held that the claimants were entitled to the reward because the conviction was made impossible by the act of the company. Yet it was held in the case of Stone v. Wickliffe, supra, that when an appeal is prosecuted from a judgment of conviction the right to the reward is suspended until final judgment. Cf. State of W. Va. v. Pishner, 73 W. Va. 744, 81 S. E. 1046, 52 L. R. A. (N. S.) 369.

The action of the county court in the cases here involved was not a "conviction" within the meaning of the offer of a reward, since it was not an establishment of the fact of guilt by a court having jurisdiction to punish the offense of robbery or attempt at robbery, and did not carry the consequences of such a conviction. Cf. Commonwealth v. McDermott, 224 Pa. 363, 73 A. 427, 24 L. R. A. (N. S.) 431.

The object of the Kentucky Bankers Association in proclaiming the offer to pay a reward was to secure the punishment of bank robbers, and where no conviction or punishment results, the conditions of the offer are not satisfied. Of course, if a final conviction should be prevented by the one making the offer, the claimant would not be defeated; but where the law takes charge and disposes of the prisoners in a way not involving conviction or punishment, and without the interference or procurement of the one who offers the reward, the latter cannot be held liable.

It is apparent, therefore, that the circuit court did not err in directing a verdict for the defendant.

The judgment is affirmed.