## Farris, et al. v. Bingham, et al.

(Decided April 30, 1915.)

## Appeal from Whitley Circuit Court.

1.  Guardian and Ward—Support and Maintenance—Settlement.—
    Where a brother moves into the home of his widowed sister, which
    belonged to her two infant children, and gratuitously and without
    expectation of compensation supports and maintains them, and
    subsequently qualifies as their guardian, in his settlement as such
    he is entitled to no credit for the support and maintenance so
    furnished them before qualifying as their guardian.
2.  Guardian and Ward—Support and Maintenance—Settlement.—Al-
    though he had voluntarily assumed to support and maintain the
    infants before qualifying as their guardian, it would be inequitable
    to charge him with rent on their property when the rent was of
    less value than the expense of their support.
3.  Guardian and Ward.—But from the time he qualified as guardian
    he should have been charged with rent and credited by the
    reasonable value of their support thereafter furnished.
4.  Infants—Sale of Real Estate for Support and Maintenance—Con-
    version to Personalty.—The sale of real estate of infants under
    a judgment of court for their support and maintenance converts
    the real estate into personalty which may be used for the pur-
    pose for which the property was sold.

STEPHENS & STEELY for appellants.

B. B. SNYDER, R. I. GILLIS and HENRY C. GILLIS for appellees.

OPINION OF THE COURT BY JUDGE TURNER—Reversing
on the original and affirming on the cross-appeal.

J. S. Bingham died intestate in June, 1906, a resident
of Whitley County, leaving a widow, Sarah Bingham,
and the two infant appellees, Robert A. Bingham and
Joseph J. Bingham, as his only heirs-at-law.

His estate consisted of a house and lot in Corbin,
worth about $1,000, and a small tract of land in Whitley
County, of little value, his personal estate consisting
only of household effects. There was also a life insur-
ance policy payable to his widow, which she afterwards
collected and invested in a small business at Corbin.

Shortly after the death of J. S. Bingham, the appel-
lant, Lee Farris, who was the brother of Sarah Bing-
ham, and unmarried, together with his maiden sister,
moved into the house with Sarah Bingham, which house
was the property of the two children of J. S. Bingham,

subject to the rights of their mother under the law. They continued to so live together in the home for some time, Farris and Mrs. Bingham jointly contributing to the expenses of the household. After a time Sarah Bingham again married a man named Suttles, who moved into the house, and they continued to so jointly occupy it.

The business purchased by Mrs. Bingham with her insurance money did not prosper and early in the year of 1910, for some reason which is not disclosed by the record, it was discontinued; she was found to be in debt, and her insurance money gone. Shortly after that time Mrs. Sarah Bingham Suttles became very delicate, and thenceforward was a care rather than an assistant to the balance of the family, until she died in July, 1911. Mrs. Sarah Bingham Suttles and her last husband lived together only a short time, when they were separated and she obtained a divorce.

From the time of the failure of her business the whole expense of maintaining the family, including the two infants, devolved upon and was borne by Lee Farris, the appellant. After her death he continued to live in the home and support, clothe, and provide for the two infant children, and finally, on the 15th of October, 1912, qualified as their guardian.

After the qualification as guardian he continued to live in the house and to support and provide for the two infants until the 4th day of August, 1913, when they were sent to the Baptist Orphan Home in Louisville, Kentucky.

Shortly after qualifying as their guardian he instituted an action in the Whitley Circuit Court, and caused to be sold the small tract of 40 acres of land belonging to the two infants, which, after the payment of all costs and expenses, netted $140.84.

In October, 1913, B. D. Bingham, the paternal grandfather of the two infants, adopted them and took them from the Baptist Orphan Home to his own home in Whitley County. In November, 1913, the appellant, Lee Farris, made his settlement in the Whitley County Court as guardian of the two infants, which was thereafter, in January, 1914, approved and ordered to record by that court. A short time thereafter the two infants, by their grandfather as next friend, instituted this action to surcharge the county court settlement.

In that settlement the guardian was charged with only three items, to-wit:

Received as rent from the forty-acre tract of land ................................................................................. $ 10.00

Net amount received from sale of land.......................... 140.84

Rent on the Corbin house, at the rate of $10.00 per month, from July 26th, 1911............................... 274.00

Total.......................................................................... $424.84

He was credited by the support of the two infants for three years at the rate of $30.00 per month, or $15.00 per month each, amounting to ................................................................. $1,080.00

By taxes, insurance, repairs and improvements paid out on their property.......................................... 235.13

By clerk fees paid upon his appointment as guardian ................................................................... 3.25

By fees paid to attorneys to defend two suits brought against him as executor of Mary Bingham Suttles ..................................................... 25.00

By expenses incurred in defending said suits........ 5.00

By payment of attorney's fees for making settlement ....................................................................... 10.00

By County Judge and County Clerk's fees in making settlement ....................................................... 4.75

$1,363.13

leaving the infants indebted to him in the sum of $938.29.

The judgment of the circuit court surcharged that settlement in the following respects, to-wit:

The item of $1,080 for the support of the children was disallowed altogether, and it was ordered that he be given no credit for any part thereof. The item of $140.84, the proceeds of the sale of the land of the infants, together with the interest thereon, was charged to the guardian, with the direction that it be treated as a part of the principal estate of the infants, and directed that no part of the same should be allowed as a credit on any sums paid out by the guardian, but should be kept intact and accounted for at the termination of the guardianship. It was adjudged that the guardian should not be charged with any rent on the house in Corbin belonging to the infants and jointly occupied by him and them prior to the 4th of August, 1913, but di-

rected that he should be charged rent therefor at the rate of $10.00 per month from and after that date as long as he continued to occupy the same, and that if he did not occupy the same himself he should keep the same rented to the best possible advantage and be charged with the rent received. The fee of $25.00 paid to attorneys in the suits brought against Farris as executor, and the $5.00 charge for expenses for defending the same, were disallowed. The guardian was credited by $263.73 paid out for taxes, insurance, repairs, and improvements, and by $18.00 for fees to attorneys in preparing settlement, and fees to clerk and judge for making orders of appointment of guardian and settlement fees. This settlement by charging the rent of the Corbin house to appellant from the 4th of August, 1913, to the 4th of June, 1914, at $10.00 per month, left the infants owing their guardian $171.73, and the guardian, under the judgment, was permitted to apply the income from the estate of the infants arising from the rent of the house and the interest on the $140.84, as it accrued, to the payment thereof.

The court declined to set aside the sale of the small tract of land belonging to the infants, and directed the guardian to sell household effects belonging to the infants and apply the proceeds thereof to the payment of their debts. It was also adjudged that the plaintiffs should recover from defendants their costs of the action including an attorney's fee of $40.00 to the plaintiff's attorneys.

From this judgment Lee Farris and his bondsmen have appealed, and the appellees have taken a cross-appeal.

The judgment of the circuit court properly disallowed any claim for the support and maintenance of the children up to the time of the qualification of Farris as guardian; the evidence disclosed very plainly that up to that time he was living in their home and taking care of them, his nephews, gratuitously and without expectation of receiving compensation. He was a single man and very generously moved into his widowed sister's home, and undertook at first jointly with her to rear and support her children, and when she unfortunately lost both her property and her health, he continued alone to carry the burden he had thus gratuitously assumed.

The court also properly declined to charge him with the rent of the property up to the time of his qualification as guardian, for, although he had willingly assumed to support and maintain the children up to that time, it would be inequitable to charge him with the rent of their property when it was of less value than the expense of supporting and maintaining the two infants.

But from the time he qualified as guardian his relations to and duties toward the infants changed; it was then his duty to do what he had theretofore voluntarily assumed to do, and he should have been charged from that time with the reasonable rental value of the property occupied by him and belonging to the infants, and should have been credited by the reasonable value of the support and maintenance which he thereafter furnished them as long as they remained with him. The evidence shows that the reasonable value of supporting and maintaining the two infants as they were supported and maintained by him at Corbin was $12.50 per month for each one of them, and he should, therefore, have been credited by $25.00 per month from the 15th of October, 1912, until the 4th of August, 1913; and instead of being charged with the rent of the house only from the 4th of August, 1913, at the rate of $10.00 per month, he should have been charged therewith from the 15th of October, 1912.

The direction in the judgment of the circuit court that the fund of $140.84 realized from the sale of the infants' real estate should be kept intact and accounted for by the guardian at the termination of the guardianship and should not be paid on any indebtedness of the two infants, was error; that fund arose from the sale of the infants' real estate, which was ordered by the Whitley Circuit Court in an action by the guardian, alleging it was necessary for the support and maintenance of the infants. That judgment and sale had the effect to convert the real estate into personalty for the specific purpose mentioned in the suit, and we are aware of no good reason why the fund arising therefrom should not be used in the manner contemplated in that proceeding. The court had jurisdiction, and the proceeding is authorized by statute.

The allowance by the court of a $40.00 attorney's fee to the attorneys for the plaintiff to be taxed as costs against the defendants was unauthorized; there is no

statute in this State, or any rule of law applicable to cases of this character, which justified an allowance of any fee to the plaintiff's attorney other than the regular taxed fee fixed by the statute.

The complaint on the cross-appeal that the court erred in not setting aside the sale of the infants' land cannot be considered on this appeal; while the purchaser was a defendant in the action in the lower court, and the plaintiff's petition prayed that the sale be set aside, the contention was not insisted upon and no evidence was taken upon it in the lower court and the purchaser is not a party to this appeal.

It is also urged on the cross-appeal that the court erred in ordering a sale of the exempt personal property of the infants, but we are of opinion that under the circumstances appearing in the record this was proper. This personal property consisted of household effects which are in the house occupied by Farris, and the infants are at the home of their grandfather, who has adopted them, and presumably have no use for these household effects. Not to sell them would be merely to give Farris the use of them.

In all other respects the judgment seems to be correct.

For the reasons given, the judgment is affirmed on the cross-appeal and reversed on the original appeal, with directions to enter a judgment conforming to the views herein expressd.