## Daviess County Board of Health, et al. v. McFarland, Judge, et al.

(Decided February 23, 1923.)

### Appeal from Daviess Circuit Court.

1. Health—Boards of Health and Sanitary Officers.—Section 2054a-2, Kentucky Statutes, provides for the creation of county health departments by resolution adopted by the fiscal court at a regular term, and a resolution adopted for that purpose at a special meeting of the fiscal court is without effect.

2. Health—Boards of Health and Sanitary Officers.—An order of the fiscal court at the next regular term appropriating money for the maintenance of a county health department for the current year, assumed to have been created by the resolution adopted at a special meeting of the court, was not a sufficient compliance with the law to establish such health department.

3. Health—Mandamus.—The circuit court did not err in refusing to issue mandamus requiring the fiscal court to appropriate money for the maintenance of a county health department for a subsequent year at the instance of the county board of health.

BECKHAM, HAMILTON & BECKHAM and SLACK, BIRKHEAD & SLACK for appellants.

WILBUR K. MILLER and MILLER & ROWE for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

By this action the Daviess county board of health sought a mandamus requiring the fiscal court to appropriate $2,500.00 to maintain the health department for the current fiscal year. A demurrer was sustained to

the petition as amended, and same was dismissed after plaintiffs had declined to plead further, and they have appealed.

Section 2054a-2 of Kentucky Statutes provides for the creation of county and district health departments by resolution adopted by the fiscal court at a regular term thereof, but it is further provided therein that after such resolution is entered, the voters, within 30 days, may enter their protest, requiring the question of establishing a health department to be submitted to the voters of the county at an election called for the purpose.

On December 18, 1919, the fiscal court of Daviess county, at a special session, undertook by resolution to establish a county health department, and provided therein that an appropriation of $5,000.00 should be made by the fiscal court for the year beginning April 1, 1920, upon condition that the State Board of Health would appropriate a like sum for the purpose.

It is conceded by counsel for appellants that as this resolution was adopted at a special and not a regular term of the court, as specifically required by the law, a county health department was not established thereby. Then insist, however, that an order of the court, entered at a regular term on April 7, 1920, appropriating $5,000.-00 "for the maintenance of the county health department for Daviess county" was a sufficient compliance with the law to establish such a health department. But such effect cannot possibly be given to this order, as it did not pretend to establish a health department, but merely to appropriate funds for the maintenance of one assumed to have been theretofore established.

To hold that this order was a compliance with the provisions of the statute for the establishment of a health department would ascribe to the order a meaning not intended by the fiscal court in adopting it, and that its language does not import. It would, moreover, deprive the voters of the county of an opportunity to have the question of the establishment of a health department in the county determined by an election of the people, since they plainly had the right to ignore the invalid resolution adopted at a special term attempting to establish a health department, and they could not have imagined that an order simply appropriating money for the maintenance of such a department that had not been established would be construed by any one as a resolution establishing such a department.

Being clearly of the opinion that a health department has not been created for the county, it results that the court did not err in refusing to issue a mandamus requiring the fiscal court to appropriate money for its maintenance, and we need not consider whether mandamus would have been the proper remedy if a health department had been established for the county, upon refusal of the fiscal court to appropriate the amount the board of health demanded for its maintenance.

Judgment affirmed.