## Robinson, et al. v. Mercer Fiscal Court, et al.

(Decided February 22, 1927.)

### Appeal from Mercer Circuit Court

1. Counties—Fiscal Court of County May Appropriate Lump Sum for Benefit of Hospitals, and Leave its Use and Expenditure to Discretion of Others (Ky. Stats., Section 1840).—Under Ky. Stats., section 1840, conferring power on fiscal courts to appropriate county funds for benefit of colleges and infirmaries, court, acting in good faith, has authority to ·appropriate lump sum to hospitals, and fact that money is to be used and expended by others is no objection to exercise of power.

2. Counties—Appropriation for Hospital by Fiscal Court Within its Discretion will Not be Interfered with, Unless Court Acted Corruptly or in Bad Faith (Ky. Stats., Section 1840).—Under Ky. Stats., section 1840, power to make appropriation of county funds for benefit of hospital is within discretion of fiscal court, and exercise of discretion will not be interfered with, unless members of court acted corruptly or in bad faith.

R. L. BLACK for appellants.

E. H. GAITHER and C. E. RANKIN for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY— Affirming

On July 6, 1926, the fiscal court of Mercer county by yea and nay vote of five to one appropriated for the maintenance and support of the A. D. Price Hospital located in Harrodsburg the sum of $150.00 a month for the balance of the fiscal year. At the request of the minority the county attorney was directed to appeal from the order making the appropriation. From a judgment of the Mercer circuit court holding the appropriation valid, this appeal is prosecuted.

Among the powers conferred on fiscal courts by section 1840, Kentucky Statutes, is the power "to appropriate county funds for the benefit of colleges and for infirmaries for the sick located in the county." Notwithstanding the broad power thus conferred, appellant insists that the fiscal court has no authority to appropriate a lump sum and leave its use and expenditure to the discretion of others. In the early case of Orphan Society of Lexington v. Fayette County, 6 Bush 413, the facts were

these: As the result of the cholera epidemic in 1833 many children were left destitute and in a state of orphanage. The Orphan Society of Lexington was incorporated for the purpose of acquiring a home and taking care of them. To this end a house and lot were purchased. Later on the building was found insufficient, and it was necessary to enlarge and remodel it. To accomplish this purpose the county court of claims of Fayette county appropriated $1,500.00 to the orphan society. At the instance of the county judge an action was brought to enjoin the payment of the appropriation. The injunction was granted by the circuit court. On appeal it was held that the county court's power "to make provision for the maintenance of the poor" was not exhausted by the erection of a poorhouse, but that it could use other agencies for the accomplishment of that purpose. In discussing the question the court said:

> "While the county court has no authority to *give away* the money of the county, or to appropriate it even, to general charity, it certainly has power to apply it as necessary and proper means to the end of its enjoined duties; and, in so using it, its power is circumscribed only by a sound discretion within the scope of the limited range of taxation. According to this test it might have built and maintained the asylum for poor orphans, and consequently might rightfully contribute, as it did, a *modicum* to aid the institution in extending the building so as to accommodate a larger portion of the poor of the county, and who would not be otherwise cared for as well or at all.
>
> "In that way and to that extent it makes the orphan society *its* agent, which it could do as certainly and lawfully without controlling or participating in the management of the institution; satisfied, as it should be, that the management will be as faithful and beneficent without its control as with it, and contribute as much to the welfare of the poor orphans of the county."

In Board Trustees House of Reform v. City of Lexington, 112 Ky. 171, 65 S. W. 350, it was held that the city, under a power "to establish, erect and maintain a house of correction, a house of refuge," might use other agencies for the accomplishment of that purpose, and to

that end had the power to make a donation of $5,000.00 to the board of trustees of the house of reform in consideration of its location in Fayette county, and of the right of the city to send its incorrigible juveniles to the institution. If this be the rule under a general power "to provide for the maintenance of the poor," or "to establish, erect and maintain   .  .  .   a house of correction, a house of refuge," the reasons for applying the same rule are all the stronger where the fiscal court is given the specific power to appropriate county funds for the benefit of infirmaries for the sick located in the county. Nothing is more desirable in a community than a well equipped hospital. As they are never self-supporting, but depend upon the bounty of the charitable, experience has demonstrated that public aid is often necessary to their maintenance and efficiency. For this reason it was deemed best by the legislature to give to the fiscal court of each county the power to appropriate money to infirmaries or hospitals in order to afford the people of the community an opportunity to have proper surgical and medical treatment in cases of emergency, and the fact that the money is to be used or expended by others is no objection to the exercise of the power. Such was the ruling in Lawrence County v. Lawrence Fiscal Court, 191 Ky. 45, 229 S. W. 139, where the court held that a donation of county funds for the construction by the state highway commission of a highway within the county was not a delegation of the fiscal court's discretionary authority to the state highway commission, but was merely an exercise of the right or authority of the fiscal court to employ or designate another to construct a public improvement. Having the power to make the appropriation, the manner and extent of its exercise are left entirely to the fiscal court, and this discretion will not be interfered with by the courts unless it be made to appear that the members of the fiscal court acted corruptly or in bad faith. The good faith of the fiscal court not having been attacked in this case, it follows that the appropriation was valid.

Judgment affirmed.