## Lee et al. v. Hanna et al.

(Decided April 17, 1934.)

A. JOE ASHER and H. H. FUSON for appellants.

E. L. MORGAN for appellees.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

Kelly Hanna (colored), a citizen and resident of Harlan county, Ky., died intestate on the 17th day of April, 1924, leaving surviving him three infant children, to wit, Burley Lee Hanna, age 13, William Hanna, age 11, and Roosevelt Hanna, age 9.

January 28, 1925, after the death of decedent, the appellants, Joe Lee and Ollie Lee, took the older two of the children, Burley and William, into their home or boarding house and have kept and cared for them since said time.

The deceased's death was due to injuries received while he was a soldier in the World War. In July, 1927, the Harlan National Bank was appointed guardian of the three infant children. A claim was duly filed with the United States government for compensation for decedent's dependents, above-named children, and on December 22, 1927, the Veterans' Bureau paid to the guardian a lump sum of money which had accumulated at the rate of $13.33 per month for each infant from the date of the death of decedent, for the benefit of the infants, and continued to pay a like sum each month thereafter.

Beginning December 22, 1927, the guardian paid the appellants the current allowance of $26.66 per month for keeping and caring for the two infants, but the record does not disclose that appellants made any demand for compensation for keeping and caring for the infants from January, 1925, to December, 1927. They continued to keep and care for the children and receive

therefor the current allowance of $13.33 per month each.

In July, 1932, appellants filed this suit in the Harlan circuit court against the named two infants and the Harlan National Bank as their guardian, in which they allege, in substance, that at the time of the death of decedent, these plaintiffs were running and operating a boarding house and furnishnig board and lodging to the public generally for compensation, and that the infant defendants boarded with these plaintiffs at their boarding house from January 28, 1925, until the present time (date of filing suit), and that the Harlan National Bank, as guardian of the infant defendants, had paid the plaintiffs $26.66 ($13.33 for each infant) per month for said board and lodging from December 22, 1927, to the present time; that the said sum of $26.66 per month is a reasonable amount for the board, lodging, and keeping of the infants from January 28, 1925, to December 22, 1927. They further alleged that the guardian has failed and refused to pay them for keeping and caring for said infant defendants for said period of time, January 28, 1925, to December 22, 1927, although said amount had been paid to the guardian for that purpose. They allege that the services rendered the said infants create an implied contract on the part of the infants to pay for such services and ask to recover of the infants and their guardian, Harlan National Bank, the sum of $906.44.

The court sustained a demurrer to the petition and petition as amended and dismissed same, from which judgment this appeal is prosecuted.

It is argued in brief for appellees that the fund sought to be subjected by plaintiffs is not subject to the payment of debts created by the veteran or his dependents. To support their contention they cite and rely upon various cases where the veteran had been confined to some public institution whose legal duty it was to care for such person. It was held in those cases that such institutions being legally bound to care for such person, in absence of a contract previously entered into by a guardian, committee, or other person legally authorized to make such a contract on behalf of such incompetent, they cannot thereafter subject the veteran's compensation to reimburse such institution for care or services rendered such person.

It is our view that such cases do not apply to the case at bar. Under section 22 of the World War Vet-

erans' Act 1924 (38 USCA sec. 454), it is pointed out that after a claim is allowed and a fiduciary is appointed and the question arises as to whether such individual or organization may be reimbursed for the expenditures made in good faith for the benefit of a ward or his dependents, in such cases, the policy of the Veteran Administration requires that all of the facts shall be brought to the attention of the appointing court and that the court shall be fully apprized of the provisions of section 22, and that if after being so informed the court orders the guardian to allow the claim or claims, no further objection will be raised by the Veteran Administration.

In the order sustaining the demurrer the trial court does not state his reasons or on what theory the demurrer was sustained. It is our conclusion, however, that the court properly sustained the demurrer, and, the court being correct in its conclusion, the reason or theory therefor is immaterial. Anderson v. City of Ludlow, 250 Ky. 204, 62 S. W. (2d) 785, and cases cited therein.

So far as the petition discloses, the act of appellants in taking the infants into their home and caring for them, as alleged in the petition, may have been voluntary. A voluntary payment or expenditure made with full knowledge of all the facts will not be refunded without a showing that such was made under immediate and urgent necessity therefor. 21 R. C. L. 143 (sec. 167).

In the case of James v. Buchanan, 5 Ky. Law Rep. 690 (abstract), it is said:

"The mother, after the father's death, is bound to support the family, if of sufficient ability. * * *"

It is not alleged that the children's mother was dead, or if living was financially unable to support them, or that they did not have property or other means of support. Nor is it shown whether or not any relationship existed between the infants and appellants. Where no relationship exists between the parties, it is incumbent to show a state of facts sufficient to constitute an implied contract. The petition in the instant case fails to state such facts. But where a relationship exists between the parties a different rule obtains. Farris et al. v. Bingham et al., 164 Ky. 444, 175 S. W. 649; Fitzpatrick's Guardian v. Baker et al., 227 Ky. 788, 14 S. W. (2d) 181; Kreuzman's Adm'r v. Nienaber, 253 Ky. 241, 69 S. W. (2d) 367.

It is our view that the allegations of the petition are insufficient to constitute a cause of action and the court did not err in sustaining the demurrer thereto.

The judgment is affirmed.