# Estill County et al. v. Noland, County Judge, et al.

Nov. 20, 1942.

As Extended on Denial of Rehearing, Jan. 15, 1943.

John W. Walker for appellant.

Shumate & Shumate and J. M. Wolfinbarger for appellee.

OPINION OF THE COURT BY SIMS, COMMISSIONER—Reversing.

Estill County acting through its County Attorney, Hon. John W. Walker, brought this action to enjoin the fiscal court, the county court clerk and the county treasurer from issuing and paying a county voucher for $1,400 to the State Board of Health of Kentucky to maintain a health department in the county for the current fiscal year. By way of answer and cross-petition the fiscal court denied the averments in the petition and sought a mandatory injunction against its co-defendants, the county court clerk and the county treasurer, to compel the former to issue the voucher and the latter to pay it.

The chancellor denied the relief sought by the county and granted the mandatory injunction compelling the issuance and the payment of the voucher, and the county appeals. The county moved the chancellor under Sec-

tion 747 Civil Code of Practice to suspend the injunction pending this appeal, which motion was overruled. Thereupon, the appellant county made an appropriate motion in this court under Section 747 to have the injunction suspended during the appeal, and the motion was sustained.

The pleadings are voluminous, six amended petitions having been filed, but we do not deem it necessary to discuss them, nor the many questions they raised which are ably briefed by counsel on both sides. We will confine the opinion to the consideration of the single question of whether or not the fact that the county health department was created by an order entered at a special term of the fiscal court is fatal.

Under Section 212.040, KRS (sec. 2054a-2, KS) a county, or district, health department may be created by resolution adopted at a regular term of the fiscal court. This section further provides that after such resolution is entered, the voters within thirty days may petition for an election to submit to the people of the county the question of whether or not such health department shall be established.

We find this stipulation in the transcript of the testimony:

"It is stipulated and agreed that the following are the only orders attempting to create a health department in Estill County and making appropriations therefor. It is agreed that the orders purporting to create the health department are all entered at special meetings of the Estill Fiscal Court, but a number of said orders making appropriations for the maintenance thereof were made at regular meetings of the Estill Fiscal Court, and that there is no order entered at a regular term of the Estill Fiscal Court purporting to establish a county department of health. No other orders appear in regard to the health department except those copied herein, but the defendants reserve the right to insist that the orders making appropriations for the department of health, and the language used, had the effect of creating and ratifying a county board of health."

In Daviess County Board of Health v. McFarland, Judge, 197 Ky. 838, 248 S. W. 179, it was held that a

county health department cannot be created by a resolution adopted at a special term of the fiscal court, and that a subsequent appropriation made by an order entered at a regular term to maintain same was not a sufficient compliance with the statute to establish such department, since an order only making an appropriation for the maintenance of a department which had not been established cannot be construed as a resolution establishing it. To hold such appropriating order sufficient to establish a health department would ascribe to the order a meaning not intended by the fiscal court adopting it and one the language of the statute does not import. Also, it would deprive the voters of the county of their right of having the question of establishing a health department submitted to the electorate because they well might ignore the invalid resolution adopted at a special term; and no one would be inclined to construe the appropriating order for maintenance as a resolution establishing a health department.

The above quoted stipulation clearly brings this case within the rule of the Daviess County case, 197 Ky. 838, 248 S. W. 179, and constrains us to hold that an order entered at a regular term making an appropriation for a health department, which department had not been created according to the statute, cannot be construed as a resolution establishing a health department.

Appellee insists that as the resolution of the fiscal court passed on July 22, 1942, appropriated the $1,400 to the State Board of Health to assist its program of immunization, aid and treatment of the citizens of the county, a valid contract was made with the Board under 67.080, KRS (sec. 1840, KS) since subsec. 8 of this statute authorizes the fiscal court to provide for the care and treatment of the sick and poor, or *contract with any hospital in the county to do so*. The answer to that contention is: (a) The State Board of Health is not a hospital, nor is it located in Estill County; (b) there is no statutory authority for it to contract with the fiscal court for medical aid to the citizens of the county except under 212.040 et seq., KRS (sec. 2054a-2, KS), providing for the establishment of a county health department. The cases cited by appellee of Robinson et al. v. Mercer Fiscal Court, 218 Ky. 452, 291 S. W. 721; Jefferson County v. Jefferson Fiscal Court, 220 Ky. 678, 288 S. W. 209; State Bank & Tr. Co. of Richmond v. Madison County, 275 Ky.

501, 122 S. W. 99, have no bearing on the question before us. By this resolution the fiscal court attempted to go around 212.040 KRS (sec. 2054a-2, KS) and through indirection sought to establish a county health department in a manner other than that section provides. This it cannot do. In establishing a county health department it must follow the procedure outlined in the statutes.

Having reached the conclusion that no health department was created in Estill County in compliance with Section 212.040, KRS (sec. 2054a-2, KS), it follows that the chancellor erred in not granting appellant an injunction forbidding the payment of the voucher and in mandatorily directing the payment thereof. All other questions are expressly reserved.

The judgment is reversed with directions to enter one consistent with this opinion.