## Droege v. Kenton County Fiscal Court et al.

June 5, 1945.

William J. Deupree for appellant.

Wm. E. Wehrman for appellees.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—
Affirming.

Appellant, a resident taxpayer of Kenton County, suing for himself and others similarly situated, sought to enjoin the Kenton County Fiscal Court, and the Kenton County Airport Board, from carrying into effect a resolution providing for the issuance of bonds for the purpose of erecting an administration building and necessary equipment and utility service connections, hangars, etc., for an already acquired airport field. The resolution first adopted by the duly appointed Airport Board provided for the issuance of 3 per cent interest bonds to the amount of $360,000 retirable annually over a period of twenty years. Interest and retirements were to be paid solely from revenues derived from the operation of the airport. This resolution was in due course adopted and approved by the Kenton County Fiscal Court. Acts Special Sessions 1945, Ch. 3, KRS Supp. 1945, Sections 183.630—183.740.

Appellants' contentions were: That the bonds could not be legally issued until first approved by the Finance Officer as provided in KRS 66.210, which in part provides in substance that any bond sold, assigned or transferred without requisite approval shall be void. The inhibition is against issuance of bonds by municipal authorities until they be approved, as provided in KRS 66.310, or by a court of competent jurisdiction "declaring the bonds * * * are based upon and cover a valid indebtedness of the * * * taxing district within the constitutional limitations governing the creation of the indebtedness." Reading these and other sections together, it becomes obvious that the statutes do not apply to revenue bonds such as are here involved, to be liquidated by and from proceeds arising from the operation of the particular instrumentality, and where no debt is created which must be met by taxation of the citizens or their properties. By analogy Williams v. City of Raceland, 245 Ky. 212, 53 S. W. 2d 370, and Wheeler v. Board of Commissioners, 245 Ky. 388, 53 S. W. 2d 740 apply, and authorize the conclusion that there was no legal necessity for submitting the proposal to the State authorities.

It was next contended that the proposed issue would be violative of sections 157 and 158 of the Constitution, the former inhibiting the creation of an indebtedness to an amount exceeding, in any year, the revenue for that year without a vote of the people. The second section prohibits a taxing district from incurring an indebtedness to an amount, including existing indebtedness, in excess of named maximum percentage of the value of the taxable property, estimated on an assessment of the previous year, here a limit of two per cent.

The petition alleged (by way of conclusion) an already existing indebtedness, including the proposed issue, which would exceed the revenue for 1945. While the valuation of taxable property is not given it is alleged that the indebtedness, existing and proposed, would exceed the two per cent limitation. Under authority of Webster v. Frankfort Housing Comm., 293 Ky. 114, 168 S. W. 2d 344; City of Bowling Green v. Kirby, 220 Ky. 839, 295 S. W. 1004; Klein v. City of Louisville, 224 Ky. 624, 6 S. W. 2d 1104; Cawood v. Coleman, 294 Ky. 858, 172 S. W. 2d 548, and cited cases, we con-

clude that the sections of the Constitution, supra, have no controlling force, where as here the interest payments and liquidation of the issue must be met solely by operation revenues.

Appellant in brief, without appropriate pleading attempting to raise an issue on the point, says that Kenton County owns an airfield with runways and approaches, which has been constructed through the appropriation of large sums by the Federal Government, and into which Kenton County has placed over $100,000 "representing money raised by taxation." It is not forcefully argued, but suggested, that it is proposed to retire the issue from revenues raised by the use of all the property. There is no allegation or charge in brief that the airport has not been paid for without violation of any law or provision of the Constitution, or that if there be debt against it, the same is invalid.

As we read the pleading and exhibits, title to this property is in Kenton County, and it is recited in the bond, as well as the resolution, that the bonds shall be payable only from and secured by a pledge of the income derived "from the operation of the Kenton County-Greater Cincinnati Airport, * * * and the series * * * do not constitute an indebtedness of Kenton County within the meaning of any constitutional provisions or limitation." The Airport Board covenanted to fix its rates and charges so as to provide a sufficient sinking fund for the liquidation of the bonds. We see no force in the point raised only in appellants' brief. It is admitted that the plant without an administration building, proper hangars and other equipment necessary for operation as an airfield, is not now, nor can it be made revenue producing without additional necessary facilities.

The trial court sustained appellees' demurrer to the petition and upon appellant's declination to plead further, dismissed it. We are of the opinion that his ruling was correct.

Judgment affirmed.