# Young v. City of Morehead
# McCullough v. Young
# Eyl v. Young

June 20, 1950.

Rehearing denied December 1, 1950.

John J. Winn, Judge.

Lewis A. White and Lester Hogge for L. C. Young.

George I. Cline, Phillip Ardery, Ardery & Hobson and Roger Byron for City of Morehead.

Arthur W. Grafton, amicus curiae.

Lewis A. White, Lester Hogge and J. E. Marks for W. C. Eyl.

CHIEF JUSTICE SIMS—Reversing in first case, affirming in last two cases.

These three actions are closely related and have been heard together and all will be disposed of in this opinion. In Young v. City of Morehead a contract Young had with the City to furnish it gas was held to violate sec. 164 of the Kentucky Constitution. In McCullough v. Young the court refused to let McCullough file an intervening petition. In Eyl v. Young a general demurrer was sustained to the petition. The three appeals followed from those rulings.

On Feb. 27, 1936, Young and the City entered into a written contract whereby he agreed to furnish natural gas at certain pressure and prices to the City at its corporate limits for ten years from the date of the contract, with the option to Young of extending the contract for ten additional years by giving the City written notice at least thirty days before the expiration of the first term of his intention to extend the contract. While the contract does not so state, the record shows the City owns a gas distribution system and in a proprietary capacity was furnishing its inhabitants the gas it purchased from Young. It is provided in the contract that the City was to purchase gas exclusively from Young unless he was unable to furnish an adequate supply, in which event it might purchase from other sources after taking all gas Young could supply. There

are other provisions in the contract such as the time of payment, meters and appliances to be furnished by Young, but they are not involved in this litigation.

On Jan. 19, 1949, the City brought a declaratory action where it pleaded, among other things not now relevant, that the City nor the County advertised publicly the sale of a franchise to the highest and best bidder, and that Young never obtained a franchise and his contract is in violation of secs. 162, 163 and 164 of the Constitution of Kentucky; that Young has refused to furnish gas of sufficient pressure or in adequate quantity, and has threatened to interfere with the City's efforts to purchase additional gas elsewhere. The City asks the court to declare the contract void and to restrain Young from interfering with it in obtaining an adequate gas supply from other sources.

The chancellor overruled a special demurrer to the petition and also overruled a general demurrer to all parts thereof except the paragraph which averred the contract was unconstitutional. Young refused to plead further and the chancellor declared the contract contravened sec. 164 and is void. An agreed order provided Young would continue to furnish gas to the City pending litigation and would not interfere with its buying any additional gas needed. Young appealed.

C. B. McCullough, as a resident and taxpayer of Morehead and of Rowan County and as a consumer of natural gas in the city, tendered an intervening petition wherein he made practically the same allegations as were contained in the City's petition, and in addition thereto he averred that Young had obtained no franchise from the County permitting him to lay his pipes along and across county roads in reaching the city limits. The chancellor refused to allow McCullough to file this pleading and he appeals. We will first dispose of McCullough's appeal.

The same attorneys who represented the City also represented McCullough. The reason McCullough attempted to intervene was because the chancellor ruled the City could not raise the question of whether Young had obtained from the county a franchise to lay his pipes in the county and McCullough, as a resident and taxpayer of the county as well as a user of gas in the

city, sought to inject this issue in the litigation. The rule is that where the intervening petition raises no issue not already involved, the court will not permit the pleading to be filed. City of Princeton v. Princeton Electric Light & Power Co., 166 Ky. 730, 179 S.W. 1074, 1080. Whether or not Young had a county franchise was immaterial to his or the City's rights under the contract. Therefore, the chancellor properly refused to permit the intervening petition to be filed. The judgment in McCullough v. Young is therefore affirmed.

The sole question presented on Young's appeal against the City is whether the contract he had with the latter attempted to grant a franchise and is void because the city violated sec. 164 of the Constitution of Kentucky by not selling the franchise to the highest and best bidder after due advertisement. Appellant insists that sec. 163 of the Constitution (relating to public utilities using the streets, alleys or public grounds of a city with the consent of its legislative body) must be read in conjunction with sec. 164, and as he did not use the streets, alleys or public grounds of the city but connected with the city's gas distribution system at the city limits, his contract does not amount to a franchise. His brief cites ninety-nine cases to sustain his point. Appellee argues that sec. 162 (unauthorized municipal contracts are void) must be read in conjunction with sec. 164 and as the contract was an attempt by the City to grant an exclusive privilege, it was void without public advertising and competitive bidding. The City cites several cases, but the one approaching nearest the instant case is Willis v. Boyd, 224 Ky. 732, 7 S.W.2d 216.

The term "franchise" is difficult to define due to the broad sense in which it is used both in legal and popular parlance. 23 Am.Jur. "Franchise" sec. 2, p. 714. But it seems to us that the word as used in sec. 164 is a grant of a right to use public property, or at least the property over which the granting authority has control. American Car & Foundry Co. v. Johnson County, 147 Ky. 69, 143 S.W. 773. The contract for the sale and delivery of gas by Young into the City's distribution system at its corporate limits did not grant him a franchise, but we would have a different question had he been authorized to use public property over

which the city had dominion or control for the laying of his gas lines. 38 C.J.S., Gas, sec. 9, p. 629. The right to produce and sell gas is not a prerogative of a government but is a business open to all, therefore, Young was not exercising a franchise when he contracted to sell and deliver his gas to the City at its corporate limits. Had the contract authorized him to use public property under the City's control, we would have, as just above stated, a different question as to whether he would have to obtain a franchise in conformity with sec. 164. City of Princeton v. Princeton Electric Light & Power Co., 166 Ky. 730, 179 S.W. 1074.

In Willis v. Boyd, 224 Ky. 732, 7 S.W.2d 216, McCracken County granted Boyd a 50 year privilege of extracting sand and gravel from that part of the Ohio River over which the county had dominion. This court held the contract void under sec. 164 because the county had permitted the use of public property for a term in excess of 20 years and without selling a franchise to the highest and best bidder after due advertisement. The Willis case is distinguishable from the one at bar because there the subject of the contract was the use of public property over which the city had dominion, hence a franchise therefor had to be obtained in conformity with sec. 164. In the instant case the contract does not involve property under the City's control but is only for the purchase of the commodity of gas by the City from Young delivered to it at its corporate limits.

The judgment in Young v. City of Morehead is reversed with directions that one be entered holding the contract valid between Young and the City.

We now consider the appeal of Eyl v. Young. Suing for himself as a resident, citizen and taxpayer of the city and for all others similarly situated, Eyl's petition set out the contract between Young and the City and sought to enjoin the latter from building a gas line some 2¼ miles from the city limits to connect with the line of the Tennessee Gas Transmission Company for the purpose of supplementing the gas supply Young was furnishing the City, and to enjoin the City from paying the proceeds of a $50,000 revenue bond issue to the Modern Welding Company for the construction of the line. The petition as several times amended averred the City had no authority to extend

its gas system beyond its corporate limits; that it had obtained no franchise from the county and no certificate of convenience and necessity from the public service commission and that the transmission company likewise had no such certificate from the federal power commission to sell gas to the City.

It is well here to note that in the case of Young v. City of Morehead there was an agreed order entered that Young would furnish the City all his available supply of gas and that the City might buy from others any additional gas it needed without interference from Young.

Special and general demurrers were filed by the City to Eyl's petition and without waiving them the City filed answer which was several times amended. Its answer averred Eyl was the agent and business partner of Young, and it then pleaded the agreed order between Young and the City set out in the above paragraph and averred Eyl came into court with unclean hands. Eyl's demurrer to the answer was overruled and his reply admitted he was an employee of Young and received one-sixteenth of the proceeds from the contract between Young and the City in addition to his regular salary.

When the cause was submitted on the pleadings the chancellor overruled the special demurrer but sustained the general demurrer, and upon Eyl's refusal to plead further, dismissed his petition.

It is earnestly urged by Eyl that the chancellor was correct in overruling the special demurrer to the petition, citing such authorities as 43 C.J.S., "Injunctions," sec. 122, p. 661; Estill County v. Noland, 292 Ky. 698, 167 S.W.2d 707; Kentucky Utilities Company v. Ginsberg, 255 Ky. 148, 72 S.W.2d 738, but erred in sustaining the general demurrer as his petition stated a cause of action. Young insists that as these were revenue bonds, Eyl was not concerned with the contract as a taxpayer, therefore, the special demurrer should have been sustained, citing, Droege v. Kenton County Fiscal Court, 300 Ky. 186, 188 S.W.2d 320, and annotations in 131 A.L.R. 1230. Young further argues that as Eyl had admitted he was in the employ of Young, who was bound by the agreed order not to interfere

with the City in supplementing its gas supply, Eyl did not possess capacity to sue.

It is not necessary for us to decide whether or not Eyl could sue as a citizen and taxpayer to enjoin expenditure of funds not raised by taxation, since we are of the opinion that as Young was barred from bringing this action by the agreed order, his employee, Eyl, who receives one-sixteenth of the proceeds of the business, likewise was barred from bringing it. To allow Eyl to maintain this action would be permitting Young to do indirectly what Young's agreement prevented him from doing directly. Young consented to the agreed order to avoid being enjoined from interfering with the City. Had he been enjoined, the injunction would have applied to Eyl because the latter was in privity with Young as his employee with an interest in the contract. 28 Am.Jur. "Injunctions" secs. 331 and 332, p. 505 et. seq. As the chancellor reached the correct conclusion his judgment will be affirmed albeit he should have sustained the special rather than the general demurrer. Landrum v. Louisville & N. R. Co.; 290 Ky. 724, 162 S.W.2d 543; Lee v. Hanna, 253 Ky. 790, 70 S.W.2d 673.

The judgment is reversed in Young v. City of Morehead with directions that one be entered holding the contract valid between Young and the City; the other two judgments are affirmed.