CASE 64—CLAIM BY HENRY ENGLE FOR WORK DONE BY HIM ON A PUBLIC HIGHWAY IN PERRY COUNTY.—OCT. 29.

# Perry County v. Engle.

APPEAL FROM PERRY CIRCUIT COURT.

CLAIM ALLOWED BY CIRCUIT COURT AND PERRY COUNTY APPEALS. REVERSED.

HIGHWAYS—REPAIRS—CONTRACTS—AUTHORITY OF COUNTY COURT—NOTICE OF THE LAW.

Held: 1. A county court has no authority to let contracts concerning the repairs of public roads.

2. Under Kentucky Statutes, 1899, section 4339, governing the cutting down of hills on public roads by contract, providing that the road supervisor, on order of the county judge, may let the work to the lowest and best bidder, and concluding, "If there be no su-

pervisor, the fiscal court may order such work done in the manner provided in this section by the county judge or a commissioner appointed by it," where the fiscal court had not appointed a supervisor of roads, the action of the county court in appointing a commissioner, and the action of the commissioner in letting such work to a contractor, were void, and the county was not liable therefor.

3. All persons must take notice that a county can contract only in the manner and by the persons and for the purposes expressly provided by statute.

F. J. EVERSOLE, COUNTY ATTORNEY, AND CLEON K. CALVERT, ATTORNEYS FOR APPELLANT.

At the October term, 1901, of the Perry County Court John Smith was, by an order of said court, appointed a special commissioner for said county to let a contract to blow out rock in Troublesome creek, opposite Mill Branch, under which authority Smith, as commissioner, made a contract with Henry Engle to do said work, and at the following February term filed his report to said court with a bond taken by him from Engle for the performance thereof. On the same day appellant filed its exceptions to said report and to the order appointing said Smith special commissioner, which were sustained by the court, and the court adjudged said order void and all proceedings thereunder were held for naught.

At the April term of the fiscal court of Perry county appellee filed a claim of $400 for said work which was heard and disallowed, and from this order an appeal was prosecuted to the Perry Circuit Court, which rendered a judgment in favor of appellee for $400, from which judgment this appeal is prosecuted.

We contend that the appeal from the judgment or order rejecting the claim in the fiscal court is not well taken:

1. Because the alleged claim arose upon a contract which was illegal and void.

2. Because an appeal from an order of a fiscal court only lies when the question to be decided is based upon the reasonableness of a claim and not when a question of debt is to be litigated, the remedy being for the claimant to file a petition and plead his contract and its performance in the usual way.

3. We contend that the order appointing Smith special commissioner for Perry county was *ultra vires* and void, and all his acts thereunder were void and that he had no authority to make the contract or any contract with appellee, and the county is not bound by such contract or any act done by Smith.

4. We contend that the building and repairing of all roads

and causeways are matters over which the fiscal court has origi-
nal and exclusive jurisdiction, and over which the county court
has neither jurisdiction nor authority.

5. We contend that the county is a body politic; that the fiscal
court is its legally organized board of directors, the supervisors
of its affairs, and has the sole right and authority to exercise
jurisdiction over all contracts to which the county may be a
party; to prescribe the manner in which, and the terms upon
which, all public utilities may be constructed and to do all things
needful, especially in all matters involving the expenditure of
public money, and the performance of these functions by any other
body is an usurpation of authority and void.

6. We also claim in this case that the work done by appellee
was done or completed according to contract.

And we ask that the judgment of the lower court be reversed.

## AUTHORITIES CITED.

Ky. Stats., secs. 1840, 1834, 4306, 4339, 4335; 17 Ky., 712;
Wortham v. Grayson County, 13 Bush, 53; Story on Contracts,
2d ed., part 1, chap. 1, sec. 22; Hare on Contracts, 569, 573, 585;
Story on Contracts, 2d ed., part 3, chap. 1, sec. 972; Am. & Eng.
Ency. of Law vol. 3, p. 892.

W. C. EVERSOLE, FOR APPELLEE.

The work in controversy was let to the lowest bidder and the
appellee was awarded the contract, for which he executed bond,
and finished his work about the first of March, 1902, and at the
April term of the fiscal court appeared and filed his claim against
the county. John Smith, who was appointed by the county court
to let the contract, was a justice of the peace and a member of
the fiscal court. The claim was disallowed by the fiscal court and
the claimant appealed to the circuit court, which we contend
was the proper thing to do, and said court allowed the claim. All
the orders and proceedings taken in the county court setting
aside the order appointing Smith commissioner were made with-
out notice to appellee, and after he had about finished his work
under his contract.

The testimony shows that appellee's claim is meritorious; that
the work was reasonably worth more than his bid, and that the
people of Perry county had accepted and was using the road he
had made as a public highway and are still using it as such. He
expended $280 in money for blasting powder, fuse and explosives
to blast the rock out of the road, besides his own labor, and the
fiscal court has accepted the road and allotted road hands on it.

Perry County v. Engle.

Whilst the courts, as far as the law gives them power, should protect the interest of the finances of the counties and the State, they should also protect the interests of the citizens, whose money and labor has been given to and accepted by the county, and which reason and justice demands should be compensated. Ky. Stats., sec. 978; Hudgins v. Carter Co., 72 S. W., 730.

OPINION OF THE COURT BY JUDGE O'REAR—REVERSING.

Appellee claims that Perry county is indebted to him in the sum of $400 on a contract for certain work done by him on a public highway within the county. It is shown that the fiscal court of the county had not appointed a supervisor of roads. The county judge, sitting alone as the county court, appointed 'Squire Smith a commissioner to let to the lowest and best bidder the job of blasting out a portion of a cliff, so as to cut down a hill to a proper grade for changing a county road to that point. The commissioner reported to the county court that he had let the work at a public bidding, and that appellee was the lowest and best bidder, at the price of $400, and that the work had been let out to him; and the contractor's bond was filed with the report. The commissioner did not file the report until some months after he had let the work. The county attorney immediately filed exceptions to the report. He objected to it on the ground that the county court had not jurisdiction to appoint the commissioner, or to make the contract on behalf of the county. The exceptions were sustained by the county court, and the report and action of the commissioner were not confirmed. Appellee went ahead with the work, and completed it. He filed his claim under the contract before the fiscal court, and moved its allowance. It was rejected, and he appealed to the circuit court, where the claim was allowed, and the county prosecutes this appeal.

By section 4306, Kentucky Statutes, 1899, the fiscal courts,

of the counties are given general charge and supervision of
the public roads and bridges. The county court has no au-
thority to let contracts concerning the repairs of public roads.
Its jurisdiction is confined to laying the county off into road
precincts, and allotting hands to work the roads, and appoint-
ing overseers. Sections 4309, 4310, Id. It may order new
roads to be opened, or the routes of old ones changed. Sec-
tion 4289, Id. But no authority is conferred upon it to
incur any liability on behalf of the county, except the fixing
of the amount of compensation to the landowners whose
land is taken for the new road. In case of an emergency
only can the county judge contract for the repair of a bridge
owned and kept up by the county. Section 4345, Id. Section
4339, Kentucky Statutes, 1899, governs the cutting down of
hills upon public roads by contract. It provides that the
road supervisor, upon the order of the county judge, may
let the work to the lowest and best bidder. The section
concludes: "If there be no supervisor, the fiscal court may
order such work done in the manner provided in this section
by the county judge or a commissioner appointed by it."
It is not claimed that the fiscal court of Perry county or-
dered this work done at all. The county judge had not
authority to contract for the work on behalf of the county,
except under the order of the fiscal court. The action of
the county court in appointing the commissioner, as well
as the act of the commissioner in letting the work to ap-
pellee, was void, being in excess of the jurisdiction of the
county court. Appellee is required to take notice of the
law. He is bound, at his peril, to know the extent of the
authority of an agent of the county in contracting with him.
All persons must take notice that a county can contract
only in the manner and by the person and for the purposes
expressly provided by the statute.

The judgment of the circuit court is reversed, and cause remanded, with directions to enter a judgment for the county upon the claim and contract sued on.