## Jefferson County v. Jefferson County Fiscal Court.

(Decided June 21, 1927.)

Appeal from Jefferson Circuit Court
(Chancery Branch, Second Division):

1. Counties.—County funds cannot be appropriated without special statutory authority therefor.

2. Counties.—It is within jurisdiction of the fiscal court, under Ky. Stats., section 1840, to employ an agent to perform the ministerial part of distributing its bounty.

3. Counties.—Under Ky. Stats., section 1840, the fiscal court was empowered to make appropriation of county funds to the Community Chest, a charitable corporation, organized under sections 879-883, and designate it as court's agent through whom its bounty could be administered.

4. Counties.—Since Ky. Stats., 1840, does not segregate the city from the remainder of the county when defining powers of the fiscal court, court could make appropriation to the Community Chest of a city within the county solely for benefit of city's charitable institutions.

5. Counties.—Where the fiscal court made an appropriation to the Community Chest of a city to discharge its obligations to activities which were within its power to assist, the Court of Appeals cannot assume that funds so appropriated will be used for any other purpose.

JOHN B. BASKIN, T. M. GALPHIN, JR., and J. MATT CHILTON for appellant.

JOHN G. HEYBURN for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming:

This appeal involves the validity of an appropriation of $2,000 made by the fiscal court of Jefferson county to the Community Chest for the year 1926. The Community Chest is a charitable corporation, organized under sections 879-883 of the Kentucky Statutes. The purpose of the corporation is to promote and co-ordinate the work of the various organizations in Louisville and Jefferson county which are engaged in civic, educational, and philanthropic work, so that waste may be eliminated and scientific methods and plans may be applied to the improvement of social conditions in said city and county. The further purpose is to determine the financial needs of the 44 organizations engaged in civic, educational, and philanthropic work in Louisville and Jefferson county,

which organizations are member agencies of the Community Chest. Another purpose of the community Chest is to conduct campaigns to raise by public subscriptions the amount of money required by these member agencies and to collect the money and pay it over to them pro rata in accordance with the budgets approved in advance by the Community Chest. This corporation collects annually large sums of money and distributes it among the member agencies. In its campaign to raise money for the year 1926 it caused a delegation to appear before the fiscal court and request an appropriation of $10,000 to be apportioned by it among the following member agencies: Children's Bureau, Children's Free Hospital, Children's Protective Association, Family Service Organization, King's Daughters' Home for Incurables, Louisville Tuberculosis Association, Public Health Nursing Association, Salvation Army Citadel, Susan Speed Davis Home, Travelers' Aid Society. The amount requested for these member agencies was $10,000 and the sum to be apportioned to each was set out in the request and indicated in the order of the fiscal court. The fiscal court allowed only $2,000 and the sums apportionable to each of the member agencies were cut down accordingly. An appeal was taken from the order making this appropriation to the circuit court. Proof was heard going to show the work of the member agencies of the Community Chest mentioned. The chancellor upheld the appropriation as valid.

This comes to us as an appeal by Jefferson county from the action of the fiscal court and the fiscal court and the individual members thereof are named as appellees, while Jefferson county alone is named as appellant. The Community Chest is not a party to the appeal.

County funds cannot be appropriated without special statutory authority therefor. Jefferson County v. Peter, Judge, 127 Ky. 453, 105 S. W. 887, 32 Ky. Law Rep. 374; Hollis v. Weissinger, County Judge, 142 Ky. 129, 134 S. W. 176; Russell County v. Hill. 164 Ky. 360. 175 S. W. 988; Perry County v. Engle, 116 Ky. 594, 76 S. W. 382, 25 Ky. Law Reep. 813.

The jurisdiction of the fiscal court, as prescribed by the Statutes, is found in section 1840, Ky. Stats. The fiscal court may employ an agent to perform the ministerial part of distributing its bounty. Orphan Society of Lexington v. Fayette County, 6 Bush, 413. The case last cited is directly in point on the question involved. The

principles announced in that case have been followed consistently by this court. In the recent case of Robinson et al. v. Mercer Fiscal Court, 218 Ky. 452, 291 S. W. 721, it was quoted from and the principles therein announced approved. It is a complete answer to the able argument of counsel for appellant in this case. It upholds the authority of the fiscal court to make such appropriations. The opinion of the chancellor below was in accordance with the opinion of this court written by Chief Justice Clay in the last-mentioned case. The authority of the fiscal court to make such an appropriation is no longer an open question, and that authority is found in section 1840 of the Statutes.

It is urged by appellant that the fiscal court has no authority to delegate its discretion. It is argued that, even if the fiscal court has the authority to make such an appropriation, it must be made directly to some individual or institution, with specific instructions as to how it shall be expended. That argument was answered and refuted in the case of Orphan Society, supra, and the court in the case of Robinson et al. v. Mercer Fiscal Court, supra, approved the ruling of the court in that case. It was there held that the fiscal court could make the Orphan Society its agent without participating in the management of the institution, if it was satisfied that the management would be as faithful and beneficent without its control as with it, and would contribute as much to the welfare of the poor orphans of the county. It is true that the order entered by the fiscal court of Jefferson county made the appropriation to the Community Chest, but in doing so it knew the exact sum so appropriated that would be turned over by the Community Chest to the member agencies. The case cannot be distinguished from the two cases referred to.

In the case of Board of Trustees of House of Reform v. City of Lexington, 112 Ky. 171, 65 S. W. 350, 23 Ky. Law Rep. 1470, it was held that the city of Lexington, under a power to establish, erect, and maintain a house of correction, might use other agencies for the accomplishment of that purpose, and therefore had the power to make a donation of $5,000 to the board of trustees in consideration of the location of the institution in Fayette county. A further consideration in that case was that the city should have the right to send its incorrigible juveniles to the institution.

Another case in point is that of Lawrence County v. Lawrence Fiscal Court, 191 Ky. 45, 229 S. W. 139, where it was held by this court that a donation of county funds for the construction of a highway by the state highway commission within the county was not a delegation by the fiscal court of its discretionary authority to the state highway commission, but was only an exercise of the right or authority of the fiscal court to designate another to construct a public improvement.

The authority of the fiscal court to make this appropriation can no longer be disputed and that it may designate an agent through whom its bounty may be administered is no longer an open question. The appropriation was made for public purposes and in the exercise of authority conferred on the fiscal court by statute.

It is argued with considerable intensity by counsel for appellant that the city and county are separate for all purposes and for that reason the fiscal court cannot make an appropriation for charitable purposes for the benefit of those within the city, nor can the city make an appropriation for charitable purposes for the benefit of those residing in the county outside of the city. Section 1840, Ky. Stats., does not attempt to segregate the city from the remainder of the county when it defines the powers of the fiscal court. The city is within the county. The property owners in the city pay taxes for the support of the county government. We do not follow the argument advanced by appellant on this point. The cases cited as supporting the contention of appellant are not in point. It is true that in the case of Mt. Sterling v. Montgomery County et al., 152 Ky. 637, 153 S. W. 952, 44 L. R. A. (N. S.) 57, it was held that the city could not assess against the county the cost of a state improvement adjacent to the property of the county. This was held upon the ground that it was not contemplated by the statute that either the county or the city should take from the other any part of its governmental authority by virtue of any implied power.

It is suggested that some of the activities of the member agencies of the Community Chest may be such as are not public charities. That may be true, but the fiscal court made this appropriation for the purpose of discharging its obligation to the activities which were within its power to assist, and we cannot assume that the funds so appropriated will be used for any other purpose.

It may be that the tendency to make, such appropriations is unwise, but, if it is carried to an excess, or the method is found unsatisfactory, it is within the power of the county through its governing authorities to withhold such assistance.

Judgment affirmed.