## Bruner v. Jefferson County Fiscal Court.

(Decided June 16, 1931.)

JOSEPH M. HAYSE and HUBBARD & HUBBARD for appellant.

WILLIAM F. CLARKE, Jr., for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Reversing.

The present appeal involves the validity of an appropriation by the Jefferson county fiscal court of $750 to be expended by the county judge "for the purpose of necessities for dependents in connection with the Juve-

nile Court Christmas Party.'' It is sought to sustain the donation upon the ground that it constituted a provision for the poor of the county. It had been the custom for several years for the county judge as presiding officer of the juvenile court and the officials and employees engaged in the work of that court, to conduct an entertainment known as the ''Juvenile Court Christmas Party,'' at which a distribution of various articles, such as clothing, cash, and food, was made to a portion of the people of the city and county.

It was alleged and admitted that baskets containing certain necessaries of life were given to children who were the wards of the juvenile court and who had become subject to its supervision. It was further alleged and admitted that the Christmas party mentioned is one of charity for the benefit of certain poor and needy persons whose names and addresses were ascertained by the juvenile court officers and employees in the course of their official work.

The circuit court held the appropriation valid, and the appeal is prosecuted to review and reverse that ruling.

The power of the fiscal court is conferred by statute, and it possesses no authority not delegated to it, expressly or impliedly, by some provision of law. Jefferson County v. Jefferson County Fiscal Court, 220 Ky. 678, 299 S. W. 209; Crick v. Rash, 190 Ky. 820, 229 S. W. 63; Riddell v. Boone County, 183 Ky. 77, 208 S. W. 323; Russell County v. Hill, 164 Ky. 360, 175 S. W. 988; Hollis v. Weissinger, 142 Ky. 129, 134 S. W. 176; Jefferson County v. Pieter, 127 Ky. 453, 105 S. W. 887, 32 Ky. Law Rep. 374; Perry County v. Engle, 116 Ky. 594, 96 S. W. 382, 25 Ky. Law Rep. 813.

The statute describing the general jurisdiction of the fiscal court is section 1840, and it is one of enumeration and delimitation. The portion of that section invoked in this instance to sustain the action of the fiscal court reads:

''  .  .  .  To make provisions for the maintenance of the poor and provide a poorhouse and farm and provide for the care, treatment and maintenance of the sick and poor, and provide a hospital for said purpose, or contract with any hospital in the county to do so, .  .  . and to appropriate county funds

. . . for infirmaries for the sick located in the county. . . . ''

It is argued that the challenged appropriation was authorized by the language quoted, and two cases heretofore decided by this court are confidently relied upon to sustain the argument.

The case of Robinson v. Mercer Fiscal Court, 218 Ky. 452, 291 S. W. 721, involved the appropriation of a monthly payment to a hospital in Harrodsburg, for the treatment and maintenance of the sick and poor. It will be seen that the case came within the very words of the statute conferring the power to make the specific appropriation.

In Jefferson County v. Jefferson County Fiscal Court, 220 Ky. 678, 299 S. W. 209, a donation by the fiscal court to the ''Community Chest'' was challenged on the ground that the fiscal court could not delegate to agencies of that character the distribution of its conributions to the relief of the poor. It was held that the fiscal court had authority to provide for the class of persons served by the ''Community Chest,'' which was a charitable corporation organized for the very purpose of caring efficiently for such persons as were entitled to public aid. It provided for the very persons designated in the statute as the ones that should be aided by the appropriation of county funds. In response to the suggestion that the charities of the Community Chest embraced a broader field than that authorized for the employment of public funds, the donation was limited by the fiscal court to the purposes and activities within its power to assist, and the use of the funds was confined accordingly. The fiscal court was authorized to choose any agency adaptable and suitable to accomplish the purposes committed to it, so long as it did not abuse the discretion confided to it by law. These cases are not decisive of the question now presented.

The juvenile court is established by law. Sections 331e-1 to 331e-21, Ky. Stats. It is designed to redeem delinquent children from potential careers of crime, provides an elaborate system of supervision, and defines distinct powers of discipline. It is a corrective expedient and not a punitive provision. Cullins et al. v. Williams et al., 156 Ky. 57, 160 S. W. 733; Commonwealth v. Franks, 164 Ky. 239, 175 S. W. 349; Marlowe v. Common-

wealth, 142 Ky. 106, 133 S. W. 1137; Alexander's Adm'r v. Ky. Bankers Ass'n, 237 Ky. 232, 35 S. W. (2d) 287.

The juvenile court has authority to appoint or designate suitable persons to serve as probation officers and as assistant probation officers. Section 331e-3. Provision is made also for the payment of the expenses that may be incurred. The parents of children coming within the purview of the act may be required to support them. Section 331e-15. A tax levy is authorized for the purpose of paying the salaries and expenses contemplated by the statute and necessary to carry out the provisions of the act. Section 331e-21. Cf. Campbell County v. City of Newport, 174 Ky. 712, 193 S. W. 1, L. R. A. 1917D, 791. This brief reference to the character and jurisdiction of the juvenile court, and the manner of supporting it, is sufficient to exclude any notion of power in the fiscal court to provide for the necessities of those taken in charge by, or under the supervision of, the juvenile court. Indeed, the learned counsel for appellees do not seek to sustain the order except by affiliating the donation with the general jurisdiction of the fiscal court respecting suitable provision for the poor. That power has been exercised by necessary and proper provision for those coming within its purview, and it does not extend to a donation of the character here involved. "Things that are germane to a power, or essential to an end to be accomplished, may be done; but they must be naturally and directly germane, not indirectly or remotely." Jefferson County v. Peter, 127 Ky. 453, 458, 105 S. W. 887, 32 Ky. Law Rep. 374.

We find no general provision of law or decision of this court upon which the appropriation could be justified. It may be, and doubtless is, a fine thing for the county judge at the Christmas season to provide entertainment for and to furnish gifts to those concerned in and affected by the administration of the juvenile court. But an appropriation for the "Juvenile Court Christmas Party" is not a provision for the poor of the county within the purview of section 1840 of the Statutes, and has no immediate or necessary relevancy to that purpose. If this particular appropriation should be sustained, another might as well be made to a circuit judge for a Christmas party, at which gifts were to be provided for the persons connected with or affected by the administration of justice in the circuit court, or for needy ones ascertained by them in the course of their official work.

The implied power of the fiscal court is limited and confined to the authority conferred and such essential power as may be reasonably necessary to execute the express powers, or to discharge the duties devolved upon that body. Com. v. Fayette County, 239 Ky. 485, 39 S. W. (2d) 962, decided June 9, 1931. No power or duty respecting the juvenile court which would justify the appropriation in question is delegated to the fiscal courts. Implied restraints, as well as implied powers, must be respected. Powers not conferred are just as plainly prohibited as though expressly forbidden, and when powers are conferred to be exercised in a specified manner, there is an implied restriction upon the exercise of that power in excess of the grant, or in a manner different from that permitted. Every positive direction to a subordinate tribunal contains an implication against everything contrary to it, or which would tend to frustrate or disappoint the purpose of such direction. The power of the fiscal court to provide for the poor and sick is ample and the exercise of that power has been broadly sustained by this court, but the appropriation in question is not within or pusuant to such power. A juvenile court Christmas party, and kindred charities, in the present state of the law, must depend upon private donations and may not demand appropriations from the public treasury.

It follows that the circuit court erred in upholding the appropriation. The conclusion reached renders it unnecessary to consider the further question debated by counsel whether the fiscal court exceeded its power in attempting to delegate to one of its members a discretion belonging to it.

The judgment is reversed for proceedings consistent with this opinion.

Whole court sitting.