# Jefferson County v. Jefferson County Fiscal Court.

(Decided June 15, 1937.)

536

LAWRENCE S. GRAUMAN for appellant.

STUART E. LAMPE for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Reversing.

In the streets and ways of Camp Zachary Taylor, in Jefferson County, constructed during the World War, the Federal Government laid about thirty-one miles of sewers. In 1921, after the abandonment of that cantonment, the property was sold in lots to many individuals with the grant of an easement to the purchasers, collectively, in the streets and the sewer, lighting and water systems. See Beutel v. Camp Taylor Development Co., 268 Ky. 544, 105 S. W. (2d) 632. At the present time the sewer system serves a territory of over four square miles containing 854 buildings and perhaps over 3,000 population. By the early part of 1937 the system had become in bad repair because of breaks and stoppages. This condition has become very obnoxious and has created a condition of filth, menacing the health of the inhabitants of that portion of the county.

On February 23, 1937, the Fiscal Court of Jefferson County entered an order reciting that an investigation made by the county road engineer revealed a break-in of the sewer at a certain place in one of the public ways of Camp Taylor (by which the community is still known); that it constituted a menace to the health of the citizens of the county and unless repaired would cause an epidemic of disease. It also recited that the persons whose property the sewer drained are financially unable to repair the same on their own behalf. It was therefore ordered that to prevent the spread of disease there should be and was appropriated $550 to be expended by the health department of the county to put the sewers in repair.

The county attorney, the Honorable Lawrence S. Grauman, by and in the name of Jefferson county, prosecuted an appeal from that order and asked the

circuit court to declare the rights and powers of the fiscal court respecting the appropriation of money for the purpose stated. The chancellor held the fiscal court had power to make the specific appropriation, but expressly withheld an opinion as to its future actions in this connection. The case is before us on appeal.

It is admitted in the pleadings that an expenditure of not less than $6,000, a year for five years, and $4,000 a year thereafter, would be required to maintain the sewerage system properly. The menacing and dangerous condition is likewise recognized. It is not denied that the county board of health has determined the conditions described to be "a source of filth and a cause of sickness which is injurious to the health of the inhabitants in the vicinity thereof and of Jefferson County, and that its continuance in its present condition is a menace to the public health and will probably result in the outbreak and spread of epidemic and communicable diseases; the said Jefferson County Board of Health has requested the Fiscal Court, composed of the defendants, to repair said sewer so as to prevent the outbreak and spread of diseases.''

Nor is it denied that the authority of the county board of health, contained in section 2057 of the Statutes, to require the removal of such nuisances by those responsible therefor, is inadequate and ineffective in this instance. This, it is said, is because of the common ownership of the system and the responsibility of so many and because it would require the opening up of streets long since dedicated to the public. It is also admitted that the expense of investigating the titles would occasion great and dangerous delay, and the expense thereof would be greater than that of repairing the particular break in the sewer for which this appropriation has been made. Much of the territory served by the sewerage system is unimproved and the cost of repairing it through those sections would be prohibitive to the owners, with the result that it would be impracticable to require each individual owner to repair his section.

The appellant maintains that notwithstanding this situation, there is no power in the fiscal court to appropriate county funds to remedy it, and that the county board of health is vested with authority, by section 2057 of the Statutes, to require the citizens responsible for the conditions to remove them. The appellees find the authority of the fiscal court in that part of section 1840

of the Statutes which gives it jurisdiction "to make provisions for the maintenance of the poor"; and in section 2054a-2, requiring the fiscal court to provide funds for the "creation, establishment and maintenance" of a county department of health, together with sections 2055, 2057, pertaining to the duties of that department.

The power of a county, both as a municipal corporation and as an arm or subdivision of the state government, emanates from constitutional provisions or legislative enactments. Fox v. Board of Louisville and Jefferson County Home, 244 Ky. 1, 50 S. W. (2d) 67. Section 162 of the Constitution provides that no county shall be authorized or permitted to pay any claim created against it without express authority of law. The authority to expend the county's funds is coextensive with the powers created by statute. It is confined to the purposes expressly stated in the statute or implied as being essential or reasonably necessary to execute the express powers or to discharge the duties devolving upon the fiscal court.

"Implied restraints, as well as implied powers, must be respected. Powers not conferred are just as plainly prohibited as though expressly forbidden, and when powers are conferred to be exercised in a specified manner, there is an implied restriction upon the exercise of that power in excess of the grant, or in a manner different from that permitted. Every positive direction to a subordinate tribunal contains an implication against everything contrary to it, or which would tend to frustrate or disappoint the purpose of such direction." Bruner v. Jefferson County Fiscal Court, 239 Ky. 613, 40 S. W. (2d) 271, 273. By this rule the case must be adjudged.

Section 1840 of the Statutes is that which expressly confers many enumerated duties and powers upon the fiscal court. Only two provisions could possibly be regarded as covering the situation presented here, namely, those relating to the maintenance of the county roads and to the care of the poor. Although the roadway under which the defective sewer runs and in which there was a break is public in the sense that the public has acquired the right to its use, it is made to appear that none of the roads or streets in this former military reservation have ever been taken over by the county as a part of its system of roads and, therefore,

no public money may be used in keeping them in repair. Rose v. Nolen, 166 Ky. 336, 179 S. W. 229. The power of the county to provide for the welfare of the poor and indigent has been regarded as very broad (Jefferson County v. Jefferson Fiscal Court, 220 Ky. 678, 299 S. W. 209), but we are not prepared to say that it extends to the payment of legal obligations of owners of real estate maintaining a nuisance thereon. It is manifest, we think, that the power to remedy the situation is not to be found in section 1840 of the statutes.

The county board of health is the statutory tribunal upon which is imposed the duty of protecting the general health of the people and the powers conferred upon it should be liberally construed to accomplish its purpose. Allison v. Cash, 143 Ky. 679, 137 S. W. 245. It is charged with seeing that sanitary conditions in the county are maintained in order to prevent epidemics of diseases. If there is an incipient or developed epidemic, the board is vested with extraordinary police powers to combat it. To those ends the board of health is given authority to require any person responsible for an unsanitary condition to abate the nuisance under its regulations. Section 2055, Statutes; Purnell v. Maysville Water Company, 193 Ky. 85, 234 S. W. 967, 23 A. L. R. 223. The fiscal court is required to maintain a health department (section 2054a-2, Statutes), but the provision for the maintenance of the department cannot be stretched to include the power to appropriate funds to abate nuisances specifically directed to be discontinued by individuals responsible therefor. The county board of health, like the fiscal court, is a body whose powers are restricted to those expressly conferred or necessarily implied as incidents. The Legislature has given it, in conjunction with the fiscal court, the power to expend the county funds under specific conditions after a communicable disease is discovered in order to prevent its spread. City of Bardstown v. Nelson County, 78 S. W. 169, 25 Ky. Law Rep. 1478; Hickman County v. McMorris, 149 Ky. 1, 147 S. W. 768; Breckinridge County v. McDonald, 154 Ky. 721, 159 S. W. 549. But the Legislature has not given the board or the fiscal court the power to expend public funds to clean up a potential source of epidemic in order to avert it even though the condition be in a thickly populated community of the county and numerous persons are responsible for it. We deal with the law as it is, not what it ought to be.

Therefore, we are constrained to hold that the appropriation made by the fiscal court is not authorized and to reverse the judgment to the contrary.

Judgment reversed.