# Jefferson County ex rel. Grauman, Co. Atty., et al. v. Jefferson County Fiscal Court.

(Decided June 18, 1937.)

LAWRENCE S. GRAUMAN, County Attorney, and STUART D. LAMPE, Assistant County Attorney, for appellants.

LAWRENCE W. WETHERBY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE RATLIFF— Reversing.

Robert C. Logan, chief probation officer of the juvenile court of Jefferson county, Ky., and Solon F. Russell, the welfare director of Jefferson county, desiring to attend the National Conference of Social Workers held in May, 1936, at Atlantic City, requested the fiscal court of Jefferson county to pay their expenses in going to and from the convention and while at the convention for food, lodging, etc. On May 11, 1936, the fiscal court entered an order appropriating $500 for such expenses and for the purposes of paying the expenses of the welfare director and/or the chief probation officer in attending other conventions which might be held during the fiscal year in states other than Kentucky, where the fiscal court approves of said officers attending such conventions or conferences.

Three members of the fiscal court voted in favor of the appropriation and one member, Commissioner Carter, voted against it and directed Hon. Lawrence S. Grauman, county attorney of Jefferson county, to appeal from the order appropriating the said sum of $500 for the purposes set out. The county attorney prosecuted an appeal to the Jefferson circuit court and the court held that the fiscal court had the right and authority to pay necessary expenses of the director of welfare and the chief probation officer of Jefferson county, incurred in attending any conferences or conventions held in the state of Kentucky, or beyond the boundary of the state of Kentucky. The county attorney has appealed to this court from that judgment.

Appellees rely upon section 331e-3 of the Kentucky Statutes in support of their contention that the fiscal court had the right to appropriate money for the expenses of the probation officers, and rely upon section 1840 as authority for the appropriation to pay the ex-

penses of the director of welfare officer. Section 331e-3 provides for the appointment, salaries, expenses, etc., of probation officers. That part of the statute dealing with salaried probation officers of counties having a city of the first class provides that ''Such salaried probation officers shall be allowed their actual and necessary expenses incurred in the performance of their duties.'' Section 1840, Kentucky Statutes, authorizes the fiscal court to appropriate county funds for various purposes including ''provisions for the maintenance of the poor and provide a poor house and farm and provide for the care, treatment and maintenance of the sick and poor, and provide a hospital for said purpose, or contract with any hospital in the county to do so.''

It is conceded by appellees that the director of welfare officer of Jefferson county is not a statutory office, but it is contended that under section 1840 of the Statutes, the fiscal court has the right to have a welfare director to look after the welfare work done for the poor and that section 1840 creates the office of welfare director by implication, and that it necessarily follows that if the office is created by implication, the expenses of the officer should be allowed.

It will be seen that section 1840 of the Statutes creates no office whatever, but merely authorizes the fiscal court to appropriate county funds for the purposes therein mentioned and to employ a competent person to keep the accounts and records of the county and make audits thereof and to pay such person a reasonable compensation for such services; but no provision is made expressly or by necessary implication for the payment of any expenses of such employees of the county mentioned in that section.

Section 331e-3 provides for the expenses of probation officers, but it is limited to their ''actual and necessary expenses incurred in the performance of their duties.'' We do not think that expenses incurred by the probation officer in attending conferences or conventions in this state or out of it, relating to social welfare work, has a direct and proximate connection with the duties of the office. While the attendance of such conference may be helpful and educational and may tend to better qualify such officers in the discharge of their duties, but the Statute does not expressly or by necessary implication authorize the fiscal court to appropriate

the county funds to pay the expenses of its officers for educational purposes. The presumption is that such officers were qualified for the performance of their duties before they were employed, and if they desire further education or information relating to their work, they must acquire such at their own expense. It would be no more reasonable for the county to pay such expenses of the officers here in question than it would be to pay tuition and other expenses incurred in sending any other county officials to school in order that they may better qualify themselves for the discharge of their official duties. Shanks v. Com., 219 Ky. 212, 292 S. W. 837.

By no stretch of imagination could section 1840 of the Statutes be construed to authorize the fiscal court to appropriate county funds for the expenses of the welfare director for the purposes here in question; nor does section 331e-3 authorize the payment by the county of such expenses for the probation officer, except such expenses directly connected with the performance of his duties.

In Bruner v. Jefferson County Fiscal Court, 239 Ky. 613, 40 S. W. (2d) 271, 272, in discussing a question similar to the one here involved, the court said:

"The power of the fiscal court is conferred by statute, and it possesses no authority not delegated to it, expressly or impliedly, by some provision of law. Jefferson County v. Jefferson County Fiscal Court, 220 Ky. 678, 299 S. W. 209; Crick v. Rash, 190 Ky. 820, 229 S. W. 63; Riddell v. Boone County, 183 Ky. 77, 208 S. W. 323; Russell County v. Hill, 164 Ky. 360, 175 S. W. 988; Hollis v. Weissinger, 142 Ky. 129, 134 S. W. 176; Jefferson County v. Peter, 127 Ky. 453, 105 S. W. 887, 32 Ky. Law Rep. 374; Perry County v. Engle, 116 Ky. 594, 76 S. W. 382, 25 Ky. Law Rep. 813."

In the case of Com. v. Nunnelley, 211 Ky. 409, 277 S. W. 506, 510, wherein the question of expenses of county officers was involved, it was held that the fiscal court had no authority to appropriate money for any purpose except where expressly authorized by law. The court said:

"The item styled 'Expense of automobile, $1,100,' is clearly unauthorized, as was held in Hollis v. Weissinger, 142 Ky. 129, 134 S. W. 176. Automo-

biles, of course, are now in common use by sheriffs. So were horses before the automobile was invented, but no court has ever held that the county should buy or maintain either a horse or an automobile for the sheriff.''

See, also, to the same effect, Hollis v. Weissinger, County Judge, 142 Ky. 129, 134 S. W. 176; Ray v. Woodruff, 168 Ky. 563, 182 S. W. 662.

In Shanks v. Com., supra, Shanks, auditor, attended a national convention of state auditors in another state and his expenses incurred in attending the convention were denied upon the ground that such expenses were not incurred in the discharge of official business within the meaning of the Statute.

The conclusion is logical then that if the expenses incurred by a state auditor in attending a national convention of state auditors are not expenses incurred in the discharge of his official duties within the meaning of the Statute, likewise, the expenses incurred by the probation officer and welfare director of Jefferson county in attending the National Conference of Social Workers were not incurred in the discharge of their official duties as such officers.

Our conclusion, is, therefore, that the fiscal court of Jefferson county was and is without authority to appropriate the county funds for the purposes here in question.

The judgment is reversed and remanded for proceedings consistent with this opinion.