# Jefferson County ex rel. Grauman, Co. Atty., et al. v. Jefferson County Fiscal Court et al.

(Decided June 25, 1937.)

LAWRENCE S. GRAUMAN, County Attorney, and STUART E. LAMPE, Assistant County Attorney, for appellants.

B. B. MELVIN for appellees.

OPINION OF THE COURT BY JUDGE PERRY—Reversing.

This appeal is from a judgment of the Jefferson circuit court rendered on May 15, 1937, and involves the validity of an appropriation made by the Jefferson county fiscal court of $500 to the Jeffersontown Community Club of Jefferson county, Ky., an organization which has for many years annually held a fair at Jeffersontown.

For many years prior to the making of this appropriation here in controversy, it is shown by agreed stipulation that the Jefferson county fiscal court has been, beginning with the year 1923, annually making an appropriation to the said Community Club to be used by way of giving exhibition prizes, etc., during its annual fair.

On July 6, 1936, the fiscal court of Jefferson county, again in harmony with such custom, authorized the donation in controversy of $500 to this Community Club, "to be used as prizes for agricultural awards * * * the money to be paid at the close of the fair, upon statement of receipts and disbursements furnished the Fiscal Court by the Jeffersontown Community Club."

One of the members of the court, questioning the matter of their authority to legally make the appropriation, declined to participate therein and requested the county attorney to appeal from the court's order so directing it.

Thereupon this action was brought under the Declaratory Judgment Act, Civil Code of Practice, section 639a-1 et seq., by Jefferson county, on relation of the county attorney, and by the county attorney against the Jefferson county fiscal court and its members for a declaration of rights, to which the defendant fiscal court answered, joining in the request for a declaration of rights of the parties.

The principal question, and in fact the only one, thus here presented for our determination is whether

446

or not the fiscal court was vested with the legal authority to here make this challenged, 1936 appropriation to the Jeffersontown Community Club, to be used by it for the purposes stated supra.

It is alleged in the petition that the contentions involved in this action, over which a controversy exists between the parties, are: (1) That the plaintiffs are insisting that the fiscal court had no right nor is authorized to make the appropriation of $500 or of any sum to the Community Club for their 1936 annual fair to be used as prizes for agricultural awards, as recited in its order, and has no authority to appropriate any money to it, unless it be in such case where it is necessary in carrying on extension work in agriculture and home economics in Jefferson county and such work is being done by it in connection with the University of Kentucky; and (2) on the other hand, that the defendant court claims that it, the fiscal court of Jefferson county, is authorized and empowered to make the appropriation of $500, here made, to the Jeffersontown Community Club for their annual fair, where it is to be used by it as prizes for agricultural awards and that the appropriation so made and here in controversy is legal and not in excess of its powers, but is one coming within the power given, and which it is expressly authorized to make, by section 4636g-2, Kentucky Statutes, providing as follows:

"The various fiscal courts * * * are hereby authorized and empowered to appropriate such sums of money out of their annual funds as in their wisdom is necessary to aid in carrying on extension work in agricultural and home economics in their respective counties, and in connection with the University of Kentucky."

Further it is alleged in the answer that the Jeffersontown Community Club is a corporation organized to promote the welfare of the community in Jefferson county and having, as one of its chief purposes, the promotion of agriculture and home economics, in the county—which is aided and advanced through the promotion of its said annual fair, which has been annually held by it "for the past eleven years and is the only county fair held in Jefferson county, Kentucky, where agriculture and home economics exhibits are displayed and prizes awarded," and, further, that in its work of thus annually promoting the said county fair, the Com-

munity Club is co-operating in such work in connection with the University of Kentucky through the office of the Jefferson county farm agent, which is the county office of the extension service of agriculture and home economics of the College of Agriculture of the University of Kentucky.

Issues were joined upon this controversial question by reply to the answer, denying its allegations.

The only proof taken in the case serving either to maintain or defeat the contradictory claims here made by plaintiff and defendant that the appropriation here made was, or was not, one made by the defendant court in aid of the county's carrying on this authorized character of extension work in agriculture and home economics, where done in connection with the University of Kentucky, was the testimony given upon this question in the deposition of Mr. Anderson, the Jefferson county farm agent, acting for the University of Kentucky.

His testimony shows that in the year 1935, the farm bureau did, for that year alone, join with the Jeffersontown Community Club in its fair project and program, and requested the court, in aid of their joint operation in holding that year's fair, to make an appropriation to it, to be expended as prize money to the 4-H Club, which was made, but that due to an epidemic of infantile paralysis then arising in the county, the health department would not permit the attendance at the fair of youngsters that year, so no meeting of the 4-H Club was held at the fair; he further testifies that he had worked out, for that year only, a cooperative arrangement between the Jeffersontown Community Club, the Jefferson county farm bureau and the county agent, and in aid of which he had asked the fiscal court to make an appropriation of $500 therefor, "which was to be used for prizes, a part of which was definitely set apart for prizes for 4-H Club members," and which was made, but the program not carried out, because they did not have the fair for the reasons stated supra. As to the fair held by the Community Club in 1936, involving the appropriation here made, he testifies that his department, representing the University of Kentucky, did not have anything to do with it; that he did not even know that there was a request made upon the defendant court for this appropriation until after it had been made and the donation procured. Further he tes-

tified, by way of clarifying his statement, that the 1936 appropriation made by the defendant court to the Community Club was not one made in connection with the agricultural and home economics extension work of the University of Kentucky, that, for such co-operative work with the university, each year the office of the county agricultural agent makes out a program of work to be carried on through the year, which is divided into extension work, live stock, improvement of soils, agricultural conservation program, 4-H Club program, which is sent back to the college, and when approved by the director of extension of the College of Agriculture of the University, the program becomes the definite extension projects of the university for promoting agricultural work and home economics in the county for the year; that the annual program that he had worked out and submitted to the College of Agriculture at the University of Kentucky, and which was approved by them, for the year 1936 provided for an exhibition by the Farm Bureau and the 4-H Club, to be held at the Kentucky State Fair grounds in Louisville, Kentucky, in co-operation with the annual picnic of the Jefferson County Farm Bureau and Home Makers Association and not at or with the Jeffersontown Community Club Fair.

The cause coming on to be heard for a declaration of rights of the parties on the pleadings and the deposition of Mr. Anderson (the Jefferson county farm agent) it was adjudged by the court that the order (making the appropriation) of the Jefferson county fiscal court be sustained and, for a declaration of the rights of the parties with respect to the legality of the appropriation made, held that the fiscal court had the right and was authorized to make the appropriation in controversy, to. be used as prizes for agricultural awards, by reason of the fact "that the appropriation of $500 was necessary to aid in carrying on extension work in agricultural and home economics in Jefferson county and in connection with the University of Kentucky, as provided for under section 4636g-2 of the Kentucky Statutes."

The appellee fiscal court rests its right or authority to make the appropriation in controversy upon the provision of this cited section of the statute, as giving and investing it with such authority to aid in the extension of the agricultural and home economics work of the

county, where same is done in co-operation or connection with the University of Kentucky.

The questioned power of the fiscal court to make the appropriation in controversy, it may be conceded, must rest entirely upon statutory authorization, in that it possesses no authority not delegated to it expressly or impliedly by some provision of law. Bruner v. Jefferson County Fiscal Court, 239 Ky. 613, 40 S. W. (2d) 271.

The parties litigant are agreed that the fiscal court is a tribunal possessing only limited powers and has no jurisdiction to appropriate county funds except where so authorized by law to do so. Ray v. Woodruff, 168 Ky. 563, 182 S. W. 662; Mills v. Lantrip, 170 Ky. 81, 185 S. W. 514; Estill County v. Wallace, 219 Ky. 174, 292 S. W. 816; Jefferson County v. Peter, 127 Ky. 453, 105 S. W. 887, 32 Ky. Law Rep. 374; Jefferson County v. Jefferson County Fiscal Court, 220 Ky. 678, 299 S. W. 209; Boyd County v. Boyd Fiscal Court, 247 Ky. 183, 56 S. W. (2d) 959.

Therefore, such premises considered, we conceive that it is both persuasive and soundly argued by the appellant that as the powers of the fiscal court are thus restricted and its right to appropriate the county's funds so proscribed, the laws authorizing the appropriation of public funds should not and cannot be properly extended by construction beyond the reasonable, natural, and fair meaning of the language employed. Woodruff v. Shea, 152 Ky. 657, 153 S. W. 1005; Hollis v. Weissinger, County Judge, 142 Ky. 129, 134 S. W. 176; Ray v. Woodruff, 168 Ky. 563, 182 S. W. 662.

Applying these well-settled and generally accepted legal principles as defining, restricting, and limiting the power of the fiscal court to make the appropriation here in question to the Jeffersontown Community Club, as a donation made the club for aiding in its promoting the agricultural and home economics extension work of the county, which the court apparently assumed it was promoting in connection with the University of Kentucky, inasmuch as for such purpose solely was it authorized to make the Jeffersontown Community Club an appropriation, we, without hesitation, conclude that the learned trial court's judgment, finding, and holding that the appropriation so made by the appellee to the Jeffersontown Community Club was for the purpose of

aiding the club's agricultural and home economics extension work (claimed promoted by its 1936 fair) done in connection with the university, was altogether erroneous, in that it appears to be a finding of such fact, upon which is conditioned its right to donate, without any supporting evidence whatever therefor.

The testimony of Mr. Anderson, the Jefferson county farm agent and only witness, very conclusively shows, as stated supra, that the Jeffersontown Community Club only in the one year 1935, during all the fourteen-year period it is stipulated these annual appropriations have been made by the fiscal court to the club, attempted or undertook, in preparing its annual fair program, to arrange for co-operative work in connection with the extension work of the University of Kentucky.

It is stated, or at least suggested in brief of appellant, that the learned trial court was influenced in its criticized holding, here made, by reason of the argument urged by appellee, that such had been its construction of the cited section of the statute, as one authorizing it 'to make these annual fair appropriations to the club, and followed by the appellee court for the last fourteen years, under which contemporaneous construction of the statute it has each year exercised the right and authority, claimed vested in it by statute, to make an annual appropriation to the Community Club's fair, as one permitted for aiding in the club's promotion of the county's agricultural and home economics work done in connection with the extension work of the University of Kentucky.

However, where, as here, it is made clear, by the very words of this statute relied on, that it only justifies an appropriation to be made by the court out of its annual tax funds to aid in the agricultural and home economics extension work of the counties, where it is prosecuted by the donee jointly or in connection with the University of Kentucky, no rules of contemporaneous construction or otherwise are needed for making clear the meaning of the language, where the words employed are in themselves clear and certain. The rule of contemporaneous construction, we conceive, is here inapplicable, for while its aid may in proper instances be invoked for the purpose of clearing or removing doubt and uncertainty as to the intended or true mean-

ing of ambiguous words or language employed in a statute, it is not admissible for bolstering up and sustaining an unreasonable and strained construction, even where contemporaneously made, of the clear and plain language or words of the statute. As we said in the case of McNally v. Grauman, 255 Ky. 201, 73 S. W. (2d) 28, 30:

> "Unless a statute is ambiguous and uncertain in its terms, and it is really difficult to ascertain its true meaning, an erroneous interpretation by administrative officials for a term of years will not be adopted."

Such being our views and conclusion reached with regard to the rights of the parties here in question, we have no doubt or hesitancy in declaring that the fiscal court was here unauthorized by and acted in excess of the power given it by the statute involved, in making the appropriation to the Community Club here in controversy, for the reason that the donee club's work and program had for its annual 1936 fair was not in promotion of the county's agricultural and home economics extension work done in connection with the University of Kentucky, for which alone was the fiscal court, by the clear and express terms of the statute, authorized to make an appropriation to it.

Therefore, for the reasons stated, the trial court's judgment is reversed, with directions that it be set aside and a judgment entered in lieu thereof in conformity with this opinion.