**J. Coakley HOWELL, Appellant,**

v.

**Ova A. HANEY, Superintendent of Schools, et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 20, 1959.

Rehearing Denied Feb. 5, 1960.

Luther M. Roberts, Richard P. Watts, Louisville, for appellant.

Dailey & Fowler, Frankfort, Carl Howell, County Atty., Hodgenville, for appellees.

WADDILL, Commissioner.

At a special election held on March 28, 1959, the voters of Larue County approved an additional tax levy for certain school purposes in the Larue County School District. This election was held pursuant to KRS 160.477.

Thereafter, this action was instituted for the dual purpose of obtaining a judicial recount of the ballots and to contest the legality of the election on several grounds. KRS 122.140. The appellees (defendants) filed a motion to dismiss the action, asserting that the statute authorizing a contest of an election on a public question, KRS 122.140, requires that the action be maintained "against the county, city or district in which the election was held," and that neither the county of Larue nor the Larue County School District had been made parties to the suit. The motion also questioned the court's jurisdiction on the ground that the "petition" seeking the contest was not posted as required by KRS 122.140. The court was of the opinion that both of these grounds were meritorious. Thereupon, the court sustained the motion and dismissed the action.

On this appeal it is contended that KRS 122.140 is directory and not mandatory, and that all necessary parties were before the court for a proper determination of the action, and that the court erred in concluding otherwise.

The caption and the allegations of the "petition" name as defendants the Superintendent of the Larue County Schools, the members of the County Board of Education, the County Judge, the members of the Fiscal Court and the Larue County Election Commissioners. Neither the caption nor the averments of the "petition" name either Larue County or the Board of Education of Larue County by their corporate names as defendants, and the only reference thereto is that the named individual defendants are officials of the two named bodies. This presents the question of whether the "petition was against

the county or district" as required by KRS 122.140.

We have heretofore decided that a county is a quasi municipal corporation and, as such, is a suable entity. Anderson v. Wayne County, 310 Ky. 597, 221 S.W.2d 429; Jefferson County ex rel. Grauman v. Jefferson County Fiscal Court, 274 Ky. 91, 118 S.W.2d 181. It is also evident that our legislature has created boards of education as bodies corporate, with power to sue and be sued in their corporate name. KRS 160.160.

Inasmuch as the Larue County School District embraces the same geographical area as does Larue County, the "district" is under the control of and is governed by the Board of Education of Larue County. It would follow, therefore, that the County Board of Education as well as Larue County have an important interest in the subject matter of this action and are indispensable parties to the suit. Since it appears that these corporate entities were not made parties to the action and were not given an opportunity to defend the action, we find that the court correctly dismissed the action. See Dixon v. Maddox, 311 Ky. 28, 223 S.W.2d 178; Lewis v. Board of Councilmen of Frankfort, 305 Ky. 509, 204 S.W.2d 813.

Appellants urge, however, that their "amended petition" cured the defective "original petition" by making all necessary parties under KRS 122.140 defendants in this action. The short answer to this contention is that new or additional grounds of contest may not be added by amendment after the time for filing the "petition" has expired. Hogg v. Caudill, 254 Ky. 409, 71 S.W.2d 1020; Clark v. Robinson, 159 Ky. 25, 166 S.W. 801. To allow the amendment adding a new party would, in effect, be asserting the contest against such party for the first time and would be too late under the statute. KRS 122.140.

Judgment affirmed.